**Shawn BRIGANCE, a minor, and Earle Brigance, his father, individually and as parent and natural guardian of Shawn Brigance, Appellants,**

v.

**The VELVET DOVE RESTAURANT, INC., Richard Stubbs, and Jerry Rimele, Appellees.**

No. 62005.

Supreme Court of Oklahoma.

July 8, 1986.

Rehearing Denied Sept. 23, 1986.

Istook & Associates, P.C. by Ernest J. Istook, Jr., and Mark A. Wright, Oklahoma City, for appellants.

Huckaby, Fleming, Frailey, Chaffin & Darrah by Michael R. Chaffin, Chickasha, for appellees.

HODGES, Judge.

Shawn Brigance and Earle Brigance, Shawn's father, (appellants) brought an action against The Velvet Dove Restaurant, Inc., Richard Stubbs and Jerry Rimele (appellees) for negligence in serving alcoholic beverages to a noticeably intoxicated person, allegedly resulting in an automobile accident causing injuries to Shawn, a minor at the time of the injuries. The District Court of Oklahoma County dismissed the complaint for failure to state a claim upon which relief could be granted, and appellants perfected this appeal.

For purposes of this appeal, appellees concur in the statement of facts set forth in appellants' brief in chief. The uncontroverted facts are as follows: the Velvet Dove Restaurant, Inc. (Velvet Dove), by

and through its president and principal stockholder, Richard Stubbs, and employee, Jerry Rimele, served intoxicating beverages to a group of minors, including one Jeff Johnson. Appellees knew Jeff Johnson drove the group to the restaurant as its employee assisted Johnson to his car upon the group's departure. Appellants allege beverages served by appellees caused Johnson to become intoxicated or increased his prior intoxication thereby causing a one-car accident in which Shawn was injured.

The issue before this Court is whether, absent statutory authority to the contrary, a third party passenger injured by an intoxicated driver has a civil action against a commercial vendor for on the premises consumption for the negligent sale of an intoxicating beverage to a person the vendor knew or should have known was noticeably intoxicated and whose consumption of alcohol was the alleged cause of injuries. The issue presented is one of considerable significance as the magnitude of intoxication-caused automobile accidents is well known.

The trial court, having no dram shop legislation or precedent in this jurisdiction on which to rely, dismissed appellants' complaint for failure to state a claim upon which relief could be granted. We find that, under the facts set out in appellants' pleadings, a cause of action for negligence against the vendor has been stated and reverse the judgment of the district court for the reasons to be stated below.

In 1959, the Oklahoma Legislature enacted the Oklahoma Alcoholic Beverage Control Act, 37 O.S. 1981 § 501 et seq., and repealed 37 O.S. 1951 §§ 1–7 and 9–131, as amended, and all laws or parts of laws in conflict with the Act.

Since the Legislature's repeal which included 37 O.S. 1951 § 121 (originally enacted in 1910), Oklahoma's dram shop act, there has been no occasion for this Court to consider the issue of whether a liquor vendor for on the premises consumption may be held civilly liable for injuries due to the acts of a noticeably intoxicated patron upon common law principles of negligence.

The elements of common law negligence have been summarized by this Court as "(1) the existence of a duty on part of defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom." *Sloan v. Owen*, 579 P.2d 812, 814 (Okla.1977).

At common law a tavern owner who furnishes alcoholic beverages to another is not civilly liable for a third person's injuries that are caused by the acts of an intoxicated patron.[1] Such rule is principally based upon concepts of causation that, as a matter of law, it is not the *sale* of liquor by the tavern owner, but the voluntary *consumption* by the intoxicated person, which is the proximate cause of resulting injuries, so that the tavern owner is therefore not liable for negligence in selling the liquor.

In recent years, many states have retreated from the common law rule of nonliability for a liquor vendor regarding it as antiquated and illogical.[2] Several states with dram shop laws have also recognized a new common law right of action against a vendor of liquor.[3] Many of the jurisdictions which now recognize a civil right of action do so on the theory enunciated in

1. See *Cruse v. Aden*, 127 Ill. 231, 234, 20 N.E. 73, 74 (1889); *Waller's Adm'r v. Collingsworth*, 144 Ky. 3, 6, 137 S.W. 766, 767 (1911). *See also* cases cited in 45 Am.Jr.2d *Intoxicating Liquors* § 553 (1969).

2. *E.g.*, *Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983); *Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6, 453 N.E.2d 430 (1983); *Campbell v. Carpenter*, 279 Or. 237, 566 P.2d 893 (1977); *Pfeifer v. Copperstone Restaurant and Lounge*, 71 Or.App. 599, 693 P.2d 644 (1985); *Sorensen v. Jarvis*, 119 Wis.2d 627, 350 N.W.2d 108 (1984); *see generally* W. Prosser, *Handbook of the Law of Torts* § 104, at 718–719 (5th ed. 1984).

3. *E.g.*, *Connolly v. Conlan*, 371 N.W.2d 832 (Iowa 1985); *Thaut v. Finley*, 50 Mich.App. 611, 213 N.W.2d 820 (1973); *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973); *Berkeley v. Park*, 47 Misc.2d 381, 262 N.Y.S.2d 290 (1965); *Hutchens v. Hankins*, 63 N.C.App. 1, 303 S.E.2d 584 (1983); *Mason v. Roberts*, 33 Ohio St.2d 29, 294 N.E.2d 884 (1973).

*Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959):

> "When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the unreasonable risk of harm ... to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent."

As shown by the modern trend, the old common law rule of nonliability has been changed by judicial opinion:

> "Inherent in the common law is a dynamic principle which allows it to grow and to tailor itself to meet changing needs within the doctrine of stare decisis, which, if correctly understood, was not static and did not forever prevent the courts from reversing themselves or from applying principles of common law to new situations as the need arose. If this were not so, we must succumb to a rule that a judge should let others 'long dead and unaware of the problems of the age in which he lives do his thinking for him.'" [4]

This Court has similarly followed the concept that the common law "is a dynamic and growing thing and its rules arise from the application of reason to the changing condition of society." [5] The common law is not static.

The development of the law of torts is peculiarly a function of the judiciary. Because duty and liability are matters of public policy they are subject to the changing attitudes and needs of society. [6] The instant case presents before us today the common law rule of nonliability for tavern owners and affords us the opportunity to reexamine the viability and efficacy of that rule in the State of Oklahoma.

Appellees assert that we are not free to change the common law because the Legislature has expressly spoken in this area by its 1959 repeal of Oklahoma's dram shop act and its failure to reenact such provision since that time. We are not persuaded by this argument. The dram shop act was not selectively repealed for it was repealed when intoxicants were legalized in 1959. Because the Legislature has failed to act to impose civil liability, for reasons unknown, does not unequivocally demonstrate legislative intent. To hold otherwise, would be indulging in a type of psychoanalysis of the Legislature. We simply cannot conclude that statutory silence is here indicative of legislative intent to bar the cause of action before us.

We also cannot accede to the view urged by appellees that this area of law is better dealt with by the Legislature. We find that on the basis of the clear trend in this area we are free to establish a civil cause of action by an injured third person against a commercial vendor of liquor for on the premises consumption. In rendering the opinion of *Vanderpool v. State*, 672 P.2d 1153, 1157 (Okla.1983), which modified the common law doctrine of governmental immunity, this Court stated in response to the oft-expressed view that if the doctrine is to be abrogated such should be done by the Legislature and not the courts of this State:

**4.** *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105, 110 (1962) (quoting W. Douglas, *Stare Decisis*, 49 Colum.L.Rev. 735, 736 (1949)). This decision was quoted with approval by the Court of Appeals of Arizona, Div. 2, in *Lewis v. Wolf*, 122 Ariz. 567, 596 P.2d 705 (1979), wherein such court was constrained to affirm the trial court's summary judgment that in the absence of a dram shop law the bar owner is not liable in a negligence case because it was only an intermediate appellate court but stated "[w]ere we the Supreme Court of this state, we would abolish the anachronistic and illogical common law rule and subject the bar owner to liability." In 1983, the Supreme Court of Arizona in *Ontiveros v. Borak*, 667 P.2d at 204, quoted with approval this language when abolishing the common law doctrine of tavern owner nonliability.

**5.** *McCormack v. Oklahoma Pub. Co.*, 613 P.2d 737, 740 (Okla.1980). *See also Vanderpool v. State*, 672 P.2d 1153, 1157 (Okla.1983).

**6.** *Vance v. United States*, 355 F.Supp. 756, 761 (D.Alaska 1973).

"But having come to the conclusions that the judicially recognized doctrine of governmental immunity in its present state under the case law is no longer supportable in reason, justice or in light of the overwhelming trend against its recognition, our duty is clear. Where the reason for the rule no longer exists, that alone should toll its death knell."

We believe the application of the old common law rule of a tavern owner's nonliability in today's automotive society is unrealistic, inconsistent with modern tort theories and is a complete anachronism within today's society.

The automobile is a constant reminder of a changed and changing America. It has made a tremendous impact on every segment of society, including the field of jurisprudence. In the "horse and buggy" days the common law may not have been significantly affected by the sale of liquor to an intoxicated person. The common law of nonliability was satisfactory. With today's car of steel and speed it becomes a lethal weapon in the hands of a drunken imbiber. The frequency of accidents involving drunk drivers are commonplace. Its affliction of bodily injury to an unsuspecting public is also of common knowledge. Under such circumstances we are compelled to widen the scope of the common law.

■ We, thus, hold that one who sells intoxicating beverages for on the premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person. It is not unreasonable to expect a commercial vendor who sells alcoholic beverages for on the premises consumption to a person he knows or should know from the circumstances is already intoxicated, to foresee the unreasonable risk of harm to others who may be injured by such person's impaired ability to operate an automobile.

■ In so concluding, we find the commercial vendor for on the premises consumption is under a duty, imposed both by statute and common law principles, to exercise reasonable care in selling or furnishing liquor to persons who by previous intoxication may lack full capacity of self-control to operate a motor vehicle and who may subsequently injure a third party. A person owes a duty to others not to subject them to an unreasonable risk of harm. We also note that a breach of duty for which we impose civil liability by this opinion constitutes a public offense under 37 O.S. Supp.1985 § 537.[7]

A commercial vendor for on the premises consumption is under a common law duty to exercise ordinary care under the circumstances.[8] We reach our conclusion in accordance with other courts finding a common law duty, relying on the general rule expressed in Restatement (Second) of Torts § 308 (1965):

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

And, Restatement (Second) of Torts § 390 (1965):

"One who supplies ... a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise to use it in a manner involving unreasonable risk of physical harm to himself and others ... is subject to liability for physical harm resulting to them."

7. 37 O.S.Supp.1985 § 537 provides in pertinent part:
"(A) No person shall:
(1) Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;
(2) Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person or to any person who has been adjudged insane or mentally deficient;"

8. *Nazareno v. Urie*, 638 P.2d 671 (Alaska 1981); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959).

Even if a commercial vendor for on the premises consumption is found to have breached its duty, a plaintiff must still show the illegal sale of alcohol led to the impairment of the ability of the driver which was the proximate cause of the injury and there was a causal connection between the sale and a foreseeable ensuing injury. *Ontiveros v. Borak, supra; Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963). As previously noted, the common law rule of a tavern owner's nonliability is based primarily on principles of causation, i.e., the chain of legal causation between the negligent selling of the alcoholic beverage and the injury is broken by the voluntary act of the patron in consuming the alcohol. *Ontiveros,* 667 P.2d at 206. An intervening cause which will break the causal nexus between the tavern owner's negligence and the resulting injury is called a supervening cause. In Oklahoma, the test to determine whether a cause is supervening is whether it is: "(1) independent of the original act, (2) adequate of itself to bring about the result and (3) one whose occurrence was not reasonably foreseeable."[9]

The Supreme Court of New Jersey in *Rappaport v. Nichols,* 31 N.J. 188, 204, 156 A.2d 1, 9 (1959), speaks to the issue of proximate cause:

"If, as we must assume at this stage of the proceeding, the defendant tavern keepers unlawfully and negligently sold alcoholic beverages to Nichols causing his intoxication, which in turn caused or contributed to his negligent operation of the motor vehicle at the time of the fatal accident, then a jury could reasonably find that the plaintiff's injuries resulted in the ordinary course of events from the defendants' negligence and that such negligence was in fact a substantial factor in bringing them about. And a jury could also reasonably find that Nichols' negligent operation of his motor vehicle after leaving the defendants' tav-erns was a normal incident of the risk they created, or an event which they could reasonably have foreseen, and that consequently there was no · effective breach in the chain of causation."

From the facts alleged in the present case, we cannot conclude as a matter of law that appellees' sale of the alcoholic beverage to the noticeably intoxicated patron could not have been the proximate cause of Shawn's alleged injuries. Concerning proximate causation, we find no distinction as does the old common law view, between the voluntary *consumption* of alcoholic beverages and the *sale* of the beverages in the chain of causation because the consumption, resulting intoxication and subsequent impaired driving ability of an intoxicated patron who is then involved in an accident are foreseeable intervening causes. A jury could find that appellees could have reasonably foreseen and anticipated the possible consequences in selling alcoholic beverages to a noticeably intoxicated patron who intended to drive an automobile and that the sale may have been a proximate cause of the alleged injuries. Ordinarily the question of causation in a negligent tort case is one of fact for the jury and becomes one of law only when there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries.[10]

We hold today that public policy is better served by holding that the common law principles of negligence are applicable where a commercial vendor for on the premises consumption is shown to have sold or furnished intoxicating beverages to a person who was noticeably intoxicated from which a jury could determine that such conduct creates an unreasonable risk of harm to others who may be injured by the person's impaired ability to operate a motor vehicle.[11] Based upon compelling reasons we, thus, reject the common law

---

9. *Thompson v. Presbyterian Hosp., Inc.,* 652 P.2d 260, 264 (Okla.1982).

10. *Id.* at 263.

11. By this decision we do not reach the question of whether a consumer-intoxicated driver has a new cause of action against the commercial vendor for on the premises consumption.

doctrine of tavern owner nonliability in Oklahoma.[12]

In adopting a new rule of liability which creates a civil cause of action, we specifically hold that the law hereby established will be applied prospectively to all causes of action occurring from and after the date the mandate issues herein.

We apply the rule of liability adopted herein to the parties in the case before us. We address appellants' theory of action on the assumption the facts pleaded are true and are sufficient to prove all the essential elements of a negligence action: duty, breach, cause and damages. If they are unable to prove negligence they will obviously fail to recover.

The judgment sustaining appellees' demurrer and dismissing appellants' complaint is REVERSED and the cause REMANDED for further proceedings not inconsistent with this opinion.

DOOLIN, V.C.J., and LAVENDER, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, J., concurs in result.

SIMMS, C.J., concurs specially.

SIMMS, Chief Justice, concurring:

I fully concur in the opinion of the Court changing the common-law rule of nonliability for injuries to third parties. I add this comment only to point out that the opinion does not alter the traditional common-law causation concept to benefit a consumer driver's claim against the vendor. While the vendor of liquor for on premises consumption owes a duty not to provide alcohol to a driver who is noticably intoxicated, the driver also owes a duty to exercise ordinary care for his own safety and the safety of others by desisting from voluntary overconsumption. In a dispute brought by the consumer seeking recovery against the vendor, the common-law notion that it is the consumer whose consumption constitutes the proximate cause of harm remains viable.

I am authorized to state that Vice Chief Justice DOOLIN and Justice OPALA join with the views expressed herein.

---

12. We do not by this opinion address the issue of a social host's civil liability.