**Kevin Lee TROXELL, Appellant,**

v.

**Dick BINGHAM, Shirley Bingham, and Steve Wilson, Appellees.**

**No. 70065.**

Court of Appeals of Oklahoma,
Division I.

May 16, 1989.

Jess Smethers, Oklahoma City, for appellant.

David H. Cole and Brian Husted, Oklahoma City, for appellees.

## MEMORANDUM OPINION

MacGUIGAN, Judge:

Appellant brought action below for negligence alleging that on August 10, 1986, while he and Appellee Wilson (Wilson) were social guests in the home of Appellees Dick and Shirley Bingham (Binghams), the Binghams permitted Wilson to consume too much alcohol, as a result of which Wilson pushed Appellant causing injury. The Binghams denied the allegations and thereafter moved for summary judgment on the grounds that as a matter of law, Appellant's petition failed to state a cause of action against them. Neither side attached supporting affidavits or other evidentiary materials. The trial court entered an order granting summary judgment in favor of the Binghams, from which Appellant perfects this appeal.

■ Appellant first urges that the Binghams, as social hosts, were negligent per se under 37 O.S. 1985 Supp. § 537 for permitting excessive consumption of alcohol by an adult guest, Wilson, who subsequently injured Appellant, another social guest at the Binghams' home. That statute provides in pertinent as follows:

A. No person shall:

1. Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;

2. Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person to any person who has been adjudged insane or mentally deficient;

Violation of an ordinance or statute is deemed negligence per se if the injury complained of was caused by the statute's violation, was of the type intended to be prevented by the statute, and the injured party was one of the class meant to be protected by the statute. *Boyles v. Oklahoma Natural Gas Co.*, 619 P.2d 613, 618 (Okl.1980) (citations omitted).

■ In the instant case, Appellant's petition states that alcoholic beverages were being served at a party which was supervised by the Binghams, and that the Binghams provided "some" of the alcohol served. Assuming, arguendo, that this statute extends coverage to social providers of alcoholic beverages as well as commercial providers, at no point in the pleadings is it alleged by Appellant that Wilson was under twenty-one years of age nor that he was intoxicated, insane or mentally deficient when "permitted" to consume such beverages. We therefore find that Appellant has failed to state a cause of action in negligence per se for violation of 37 O.S. 1985 Supp. § 537 as there is no evidence the statute was violated, causing the injury.

The remaining issue is whether a social host who provided some alcohol and permitted on-the-premises consumption may be held civilly liable for injuries due to the intentional acts of one guest toward another guest. The elements of common law negligence may be summarized as 1) the existence of a duty on the part of defendants to protect plaintiff from injury; 2) a violation of that duty; and 3) injury proximately resulting therefrom. *Sloan v. Owen*, 579 P.2d 812, 184 (Okl.1977).

Appellants rely essentially on the recent Supreme Court case of *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300 (Okl. 1986). That case found that at common law, a tavern owner who furnished alcoholic beverages to another was not liable for a third person's injuries caused by the acts of the intoxicated patron because as a matter of law it was not the sale of liquor but the voluntary consumption thereof by the intoxicated person which was the proximate cause of the resulting injuries. However, the *Brigance* court went on to find this rule unrealistic in today's automotive socie-

ty and held that one who sells alcohol for on-the-premises consumption to a person he knows or should know from the circumstances is already intoxicated violates a duty to refuse such sale because, as the court reasoned, it was reasonable to expect such commercial vendor to foresee the unreasonable risk of harm to others by the intoxicated person's impaired ability to operate an automobile once the latter left the premises. *Brigance*, 725 P.2d at 304.

■ The *Brigance* case dealt with liability of a commercial vendor only, and specifically held that even if a breach of duty is found, a plaintiff must still show the furnishing of alcohol was the proximate cause of the injuries. *Brigance*, 725 P.2d at 305. A supervening cause will break the causal nexus between the alleged negligence and resulting injury; such supervening cause must be independent of the original act, adequate of itself to bring about the result, and one whose occurrence was not reasonably forseeable. *Thompson v. Presbyterian Hospital, Inc.*, 652 P.2d 260, 264 (Okl.1982).

■ Therefore, based on the reasoning and holding in Brigance, we find there is no authority for imposing a duty upon the Binghams as social hosts to refuse to permit a guest to consume alcohol, some of which was provided by the social hosts, where there is no evidence the hosts knew or should have known violence on the premises would result therefrom.

■ Finally, Appellant's reliance on *Brigance* is further misplaced as that case specifically applies prospectively to causes of action accruing from and after mandate. As the mandate in *Brigance* was spread of record after the incident in which Appellant was injured, the law established by that case is unavailable to Appellant for citation as authority. 725 P.2d at 306.

For the reasons set out herein, this Court finds that, absent statutory and/or common law authority and under the circumstances in this case, Appellant does not have a cause of action against the Binghams for negligence. Therefore, the order of the trial court granting summary judg-ment in favor of Appellees should be affirmed.

AFFIRMED.

HUNTER, P.J., and HANSEN, J., concur.