Deborah FRANK, a minor, Alven Frank, Jr., a minor, and Erin Gray, a minor, by and through their natural mother and next friend, Patty GRAY; Daphne Asbury, a minor, by and through her natural mother and next friend, Augustine Asbury; Jeremy Files, a minor, by and through his natural mother and next friend, Sherry Painter, Appellants,

v.

Delores MERCIEZ d/b/a Bartolina's, Appellee,

and

Joe Benton Jones, Roy B. Jones d/b/a Eastern Well Service & Company; Jack R. Lindley d/b/a Okla–Inn; and Kathy White d/b/a Trails Lounge, Defendants.

and

Wanola THOMPSON, Individually and as Administratrix of the Estate of Alven Lee Frank, Deceased, Appellant,

v.

Delores Ann MERCIEZ d/b/a Bartolina's Bar, Appellee,

and

Joe Benton Jones, Roy B. Jones d/b/a Eastern Well Service & Company; Wadco Service Inns, Inc., d/b/a Holiday Inn of Henryetta; and Kathy White d/b/a Trails Lounge, Defendants.

Nos. 72161, 72175.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 19, 1991.

Anthony M. Laizure, Rick Paynter, and Roger W. Foster, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Tulsa, for appellants Frank, et al.

Kenneth Butler, Okmulgee, for appellant Thompson.

Tom J. Laub, Okmulgee, for appellee Merciez.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellants Deborah Frank, Alven Frank, Erin Gray, Daphne Asbury, and Jeremy Files, by and through a parent (hereinafter Appellants or Children) seek review of the Trial Court's order granting summary judgment to Appellee Delores Merciez, d/b/a Bartolina's Bar (Merciez or Bar), in Childrens' action to recover for injuries sustained in an automobile accident with one of Bar's patrons (Case No. 72,161). In the consolidated action, Appellant Wanola Thompson, Individually and as Administratrix of the Estate of Alven Lee Frank (hereinafter Thompson), seeks review of the Trial Court's order granting summary judgment to Merciez in Thompson's action to recover for the wrongful death of Decedent, killed in the same automobile accident as that in which Children were injured (Case No. 72,175).

The underlying facts of these consolidated cases are not complex. On October 31, 1986, Defendant Joe B. Jones (Jones) went to Bar at about 4:40 in the afternoon, consumed five or six beers, and left Bar at about 6:30 p.m. At approximately 11:38 p.m., some five hours later, the car driven by Jones collided with a tractor-drawn hay wagon on which Children and Decedent rode. Children suffered injury in the accident and Decedent died as a result of his injuries.

In March, 1988, Children commenced their negligence action against the various parties-defendant, alleging *inter alia,* that Merciez, doing business as Bar, negligently served Defendant Jones alcoholic beverages when Defendant Jones was noticeably intoxicated, that Merciez knew or should have known that Defendant Jones would be driving on the public streets in such an intoxicated state creating an unreasonable risk of injury to others, and that Merciez so acted in negligent disregard for the safety of others. In April, 1988, Thompson commenced her action, also asserting Merciez's negligence in serving Jones. Merciez answered in both actions, denying negligence, and asserting various affirmative defenses.

Merciez then moved for summary judgment in both actions. To her motions for summary judgment, Merciez attached her affidavit and that of an employee. Merciez attested that Bar serves no beverage containing more than three and two-tenths percent (3.2%) alcohol by weight, that Jones was not visibly intoxicated when he arrived at Bar at about 4:40 p.m., that she served Jones three (3) beers, that she left Bar at about 5:45 p.m., and that Jones was not visibly intoxicated at that time. Employee attested that she arrived at Bar at 5:45 p.m., that she thereafter served Jones three beers, that Jones left Bar shortly after 6:30 p.m. leaving one beer untouched, that Jones then acted normally, that he was not loud or boisterous, and that Jones did not appear intoxicated.

In response, Appellants submitted into evidence a publication from the United States Department of Transportation. The publication, a chart, arguably predicted that a male individual of Defendant Jones' height and weight, after consumption of six beers, would exhibit a blood alcohol concentration of .073 grams/210 liters. This evidence, argued Appellants, established a controversy of material fact as to whether Defendant Jones was visibly intoxicated at the time he left bar in apparent contradiction of Merciez's affidavits, precluding summary judgment.

The Trial Court subsequently granted summary judgment to Merciez in both actions, and Appellants now appeal. In their action for review, Children assert (1) that Merciez's affidavits, i.e., testimony of interested parties, are inherently suspect and not worthy of credibility, and (2) that Merciez failed her burden of proof to demonstrate no genuine issue of material fact, and therefore, the Trial Court's order granting summary judgment to Merciez should be reversed. Thompson has filed no brief in chief, but has affirmatively adopted Children's brief in chief by reference.

In their first proposition, Appellants argue that because Merciez is interested in the outcome of the lawsuit, that Merciez's credibility is cast into doubt, that therefore her testimony and that of her employee, submitted by affidavit, is insufficient on which to base a grant of summary judgment, and that the issue of credibility of the questioned testimony should be submitted to the jury for determination thereof. In their second proposition, Appellants argue, in essence, that the evidentiary materials introduced on summary judgment demonstrate a factual controversy on the material issue of Defendant Jones' state of intoxication while being served by Merciez/Bar, precluding summary judgment.

The law governing summary judgments in Oklahoma casts upon the moving party the burden of showing, by affidavit and/or other admissible evidence, "no substantial controversy as to any material fact." Rule 13, Rules of the District Court, 12 O.S. Supp.1984, Ch. 2, App. In cases where affidavits of interested parties are introduced on summary judgment, our Supreme Court has previously recognized:

> ... [I]n considering the affidavit of an interested witness, the fact of his interest in the result of a suit is sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact. *We add, however, that such strictness of consideration does not apply to a statement in an affidavit that is uncontroverted and has indication of support elsewhere in the record.*

*Poafpybitty v. Skelly Oil Co.*, 517 P.2d 432, 438 (Okl.1974) (Emphasis added.)

Under this authority and in the present case, we find no error by the Trial Court in according Merciez's affidavits evidentiary weight. While Merciez's interest in the lawsuit is patent, thereby casting Merciez's version of the occurrences into some doubt, we discern no such patent interest in the lawsuit by Merciez's employee. The employee's affidavit substantially supports Merciez's statement, and Merciez's evidence, taken *in toto* and even considering Appellants' evidence, is uncontroverted as to Jones' observed state of intoxication at the time of service of the intoxicating beverages. We therefore reject Appellants' first proposition of error.

In their second proposition, Appellants assert material facts in controversy, precluding summary judgment. Hereunder, as previously, Appellants argue that their evidence introduced in opposition to summary judgment established a controversy, minimally, on the issue of Jones' state of intoxication at the time of Merciez's service of beer to him, on which issue reasonable minds might differ, and dictating that the Trial Court's order granting summary judgment be reversed.

In that regard, Appellants' assertion of Merciez's liability is premised on a negligence theory recognized by the Oklahoma Supreme Court in *Brigance v. Velvet Dove Restaurant*, 725 P.2d 300 (Okl.1986). In *Brigance*, parents and minor child brought suit against restaurant, alleging that restaurant served intoxicating liquor to a minor, that restaurant knew that the minor drove an automobile to the restaurant, that restaurant helped the minor driver back to his car, that restaurant's service of intoxicating beverage to the minor caused the minor to become intoxicated or increased his prior intoxication, thereby causing a one-car accident in which the minor plaintiff was injured. 725 P.2d at 302. The Trial Court dismissed the action for failure to state a claim. The Supreme Court reversed and remanded the cause for further proceedings, holding:

> ... [O]ne who sells intoxicating beverages for on the premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person. It is not unreasonable to expect a commercial vendor who sells alcoholic beverages for on the premises consumption to a person he knows or should know from the circumstances is already intoxicated, to foresee the unreasonable risk of harm to others who may be injured by such person's impaired ability to operate an automobile.
>
> In so concluding, we find the commercial vendor for on the premises consumption is under a duty ... to exercise rea-

sonable care in selling or furnishing liquor to persons who by previous intoxication may lack full capacity of self-control to operate a motor vehicle and who may subsequently injure a third party.... We also note that a breach of duty for which we impose civil liability by this opinion constitutes a public offense under 37 O.S.Supp.1985 § 537.

.      .      .      .      .

Even if a commercial vendor for on the premises consumption breached its duty, a plaintiff must still show the illegal sale of alcohol led to the impairment of the ability of the driver which was the proximate cause of the injury and there was a causal connection between the sale and a foreseeable ensuing injury.....

.      .      .      .      .

We [thus] hold today that public policy is better served by holding that the common law principles of negligence are applicable where a commerical vendor for on the premises consumption is shown to have sold or furnished intoxicating beverages to a person who was noticeably intoxicated from which a jury could determine that such conduct creates an unreasonable risk of harm to others who may be injured by the person's impaired ability to operate a motor vehicle.

*Brigance,* 725 P.2d at 304–305.

Under this pronouncement of Oklahoma law, and considering the facts established on summary judgment, we find no error by the Trial Court. As the issues were framed on summary judgment, Appellants' assertion of Merciez's liability, if any, rested on Merciez's duty to exercise reasonable care not to sell intoxicating beverages to any person who, under the circumstances, Merciez knew or should have known to be intoxicated, and Merciez's breach of that duty. *Brigance,* 725 P.2d at 304–305. The *Brigance* standards for imposition of liability focus on the tavern-keeper/vendor's objective observations and perceptions of a patron's state of intoxication, and the only evidence adduced concerning Jones' "noticeable" state came from Merciez and her employee to the effect that Jones exhibited no behaviors asso-

ciated with alcoholic intoxication. Appellants' evidence did nothing to controvert Merciez's and her employee's perception of Jones as *not* being *visibly or noticeably* intoxicated, and we will not presume, as urged by Appellants and in the absence of other supportive and admissible evidence thereof, that Jones' predicted blood-alcohol concentration was indicative of visible, appreciable, and/or noticeable intoxication. In the face of Merciez's uncontroverted evidence, we therefore hold the Trial Court properly granted summary judgment to Merciez.

The orders of the Trial Court granting summary judgment to Merciez and against Appellants is therefore AFFIRMED.

ADAMS, P.J., concurs.

MacGUIGAN, J., not participating.