**Charles David SANDUSKY, Appellant,**

**v.**

**GRAHAM AND ASSOCIATES, INC., d/b/a Malarky's, Appellee.**

**No. 72426.**

Supreme Court of Oklahoma.

Oct. 8, 1991.

## ORDER OF SUMMARY DISPOSITION

Rule 1.201 of the Rules of Appellate Procedure in Civil Cases provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla.Stat. tit. 12, ch. 15, app. 2 (Supp.1983).

---

THE COURT FINDS, from a review of the record and briefs submitted, that the decision in *Brigance v. Velvet Dove Restaurant, Inc.,* 725 P.2d 300 (Okl.1986), is dispositive of the issues presented. *Brigance* held that one who sells liquor, for on the premises consumption, has a duty to exercise reasonable care not to serve a noticeably intoxicated patron and that the vendor can be held civilly liable for injuries caused by the patron's impaired ability to operate an automobile. *Id.* at 304. This new rule of liability was specifically given prospective application "to all causes of action occurring from and after the date the mandate issues herein." *Id.* at 306. *See also McClelland v. Post No. 1201, VFW,* 770 P.2d 569 (Okl.1989) (When the injurious event occurred before the effective date in *Brigance,* no claim is actionable).

Mandate in the *Brigance* decision issued on October 3, 1986. The events giving rise to the present action occurred on August 25, 1985, more than a year before mandate issued in *Brigance.* The Court of Appeals decision in this matter relied on *Brigance* despite the fact it was to be given only prospective application.

IT IS THEREFORE ORDERED that the Court of Appeals opinion in this matter is VACATED. Judgment of the trial court is AFFIRMED.

OPALA, C.J., HODGES, V.C.J., and DOOLIN, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

LAVENDER and ALMA WILSON, JJ., dissent.