1999 OK 81

Roy COPELAND, Appellant,

v.

TELA CORPORATION, d/b/a Red Dog Saloon and Café, and Donald E. Mackey, individually, Appellees.

No. 92,283.

Supreme Court of Oklahoma.

Oct. 5, 1999.

As Corrected Oct. 12, 1999.

Rehearing Denied April 4, 2000.

Doug Friesen, Oklahoma City, Oklahoma, for Appellant.

Michael P. Rogalin, Oklahoma City, Oklahoma, for Appellees.

HODGES, J.

¶1 The question in this case concerns whether the trial court properly granted summary judgment in favor of the appellees, Tela Corporation and Donald Mackey. We answer that summary judgment under these facts was improperly granted.

¶2 On December 31, 1993, the appellant, Roy Copeland, was walking next to the curb in the 4700 block of N.W. 10th Street in Oklahoma City, when he was struck by Ronald Barnes' vehicle. Barnes was traveling about 45 miles per hour when he struck Copeland, who was thrown approximately 55 feet from the point of impact.[1] Barnes, who had a blood alcohol content of .12%, was taken into custody for Driving Under the Influence of Alcohol. Subsequent investigation revealed that Barnes had arrived at 11:00 p.m. at the Red Dog Saloon and Café.[2] He had not consumed any alcohol in the past twenty-four hours. While at the Red Dog, Barnes consumed between one and two pitchers of beer, drinking beer until it closed. The accident occurred immediately after leaving, within one and one-half mile of the Red Dog. Copeland sued the appellees for negligence, pursuant to our holding in *Brigance v. Velvet Dove Restaurant, Inc.*, 1986 OK 41, ¶17, 725 P.2d 300, 304, that "one who sells intoxicating beverages for on the premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person."

¶3 Summary judgment was granted to the appellees because the trial court found Copeland could not present evidence that the vendor had served alcohol to a "noticeably intoxicated person." This finding appears to be based on an admission in the "Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Brief in Support," that employees of the defendant, Tela Corporation, who were on duty the night Barnes was at the Red Dog, and who were in a position to view the area in which Barnes was drinking, all swore under oath that no patron of the Red Dog was served any beer while the patron was visibly or noticeably intoxicated. The Court of Appeals affirmed the trial court and this Court granted certiorari.

¶4 We must decide if summary judgment is proper where Copeland was unable to obtain a witness to testify that alcohol was served to a noticeably intoxicated person at the Red Dog during the time Barnes was drinking there. Summary judgment is appropriate only when there is no substantial controversy as to any material fact. Rule 13, Rules for District Courts of Oklahoma, Okla. Stat. tit. 12, ch. 2, app. (Supp.1998). The purpose of summary judgment is to avoid unnecessary jury trials, by allowing the trial

---

1. Copeland lists his injuries as traumatic amputation of the left lower extremity, bilateral rib fractures, cardiac contusion, hemopneumothorax of the left pleural cavity, closed head injury, avulsion and abrasion of the right ear, and an open fracture of the left femur.

2. The Red Dog is a beer bar featuring adult entertainment in the form of table dancing.

court to look beyond the pleadings to various evidentiary materials to determine whether there is an issue of fact to be submitted to the jury. *Flanders v. Crane Co.*, 1984 OK 88, ¶ 10, 693 P.2d 602, 605. Because the trial court has the limited role of determining whether there are any such issues of fact, it may not determine fact issues on a motion for summary judgment; it may not weigh evidence. *Stuckey v. Young Exploration Co.*, 1978 OK 128, ¶ 15, 586 P.2d 726, 730. Issues of negligence cannot ordinarily be determined during the consideration of a motion for summary judgment because the presence or absence of negligence often remains a question of fact. *Stuckey*, 1978 OK 128, ¶ 7, 586 P.2d at 729. If a reasonable person might reach a different conclusion from the facts than that suggested by the motion for summary judgment, granting summary judgment would be improper. *Hargrave v. Canadian Valley Elec. Co-op.*, 1990 OK 43, ¶ 14, 792 P.2d 50, 55. All inferences and conclusions to be drawn from the undisputed facts must be viewed in a light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward and Co.*, 1974 OK 142, ¶ 27, 529 P.2d 489, 497. Circumstantial evidence may also be presented to successfully oppose a motion for summary judgment. *Manora v. Watts Regulator Co.*, 1989 OK 152, ¶ 10, 784 P.2d 1056, 1058.

■ ¶ 5 The elements of common law negligence summarized by this Court in *Sloan v. Owen*, 1977 OK 239, ¶ 7, 579 P.2d 812, 814, are "(1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom." In the *Brigance* case, the Velvet Dove Restaurant served intoxicating beverages to a group of minors. The personnel at the Velvet Dove knew that Jeff Johnson drove the group to the restaurant because its employee assisted Johnson to the car when the group left. Shawn Brigance, a minor and passenger in the vehicle, was injured in a subsequent one-car accident. The issue in *Brigance* was whether a third party passenger injured by an intoxicated driver has a civil action against a commercial vendor for the negligent sale of an intoxicating beverage to a person the vendor knew or should have known was noticeably intoxicated and whose consumption of alcohol on the premises was the alleged cause of injuries. *Brigance*, 1986 OK 41, ¶ 3, 725 P.2d 300, 302. The trial court had dismissed the complaint for failure to state a claim upon which relief could be granted; this Court reversed and remanded the cause.

■ ¶ 6 Prior to *Brigance*, a tavern owner could not be held liable for furnishing alcoholic beverages to one who, after becoming intoxicated, injured either himself or another. *Tomlinson v. Love's Country Stores, Inc.*, 1993 OK 83, ¶ 6, 854 P.2d 910, 912. *Brigance* found that a commercial vendor for on-the-premises consumption is under a duty, imposed both by statute and common law principles, to exercise reasonable care in selling or furnishing alcoholic beverages to persons who by previous intoxication may lack full capacity of self-control to operate a motor vehicle, and therefore could subsequently injure a third party. *Brigance*, 1986 OK 41, ¶ 17, 725 P.2d at 304.

¶ 7 The Court of Civil Appeals in this matter relied upon *Battles v. Cough*, 1997 OK CIV APP 62, 947 P.2d 600, to support its grant of summary judgment to the Red Dog. However, *Battles* is distinguishable. There, the Court of Civil Appeals found no direct evidence by way of testimony, circumstantial evidence, or inference that the imbibing patron was "noticeably intoxicated." That is not the situation in this matter. Here, appellant provided circumstantial evidence and inference to the trial court which demonstrated that a material issue of fact was present.

■ ¶ 8 The material fact at issue in this case is whether the Red Dog knew *or should have known* that Barnes had become noticeably intoxicated while being served alcoholic beverages on its premises. While the appellant could find no employee to testify that a patron of the Red Dog was served an alcoholic beverage while noticeably intoxicated, the appellant is still entitled to use inference and circumstantial evidence to prove during trial that Barnes was served when noticeably intoxicated. Barnes was found to have a blood alcohol level of .12%, he ran over a pedestrian, and the investigating po-

lice officer had a strong enough suspicion of Barnes' sobriety, that the officer had Barnes tested. Enough evidence exists that a reasonable person might reach the conclusion the employees of the Red Dog either knew or should have known that Barnes was intoxicated as he continued to drink there. In addition, the policies, procedures, training, and environment at the Red Dog operated to prevent its employees from recognizing when a patron had become "noticeably intoxicated."

¶ 9 In his deposition, Donald Mackey stated that:

1. A strong odor of alcohol would be difficult to detect on a patron due to the smell of cigarette smoke in the bar.

2. Due to the volume of music in the bar, a loud patron would not necessarily indicate an intoxicated patron.

3. A patron may purchase 3.2 beer from a waitress, a table dancer, or the bartender.

4. No running tab is kept for patrons in order to keep a tally of how much beer has been served.

5. The Red Dog does not train its employees to keep track of the rate at which its patrons consume alcoholic beverages and employees are not required to do so. There is no training for recognizing intoxicated patrons.

6. The Red Dog has no policy about how much beer can be served to a patron.

7. Waitresses are not assigned a specific section of tables. Therefore, a patron might not have the same waitress each time beer is ordered.

8. Dancers also serve beer to customers. Dancers are allowed to drink while working and the Red Dog sets no limit to how much dancers can drink.

9. The bar is sunken into the floor such that the bartender can see only the tables just in front of him.

10. Intoxicated patrons may leave unobserved through a side exit.

¶ 10 A commercial vendor's self-imposed ignorance concerning the intoxication of its patrons should not operate in its favor to prevent a jury determination of that issue. Because the material fact concerning whether the Red Dog knew or should have known whether Barnes was noticeably intoxicated while being served alcohol at the Red Dog is still an issue, the trial court erred in granting summary judgment.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT REVERSED.

¶ 11 All Justices concur.