2002 OK CIV APP 68

Robert L. PATE, Plaintiff/Appellant,

v.

Rahman ALIAN, individually; and Pizza Inn, Inc., Defendants/Appellees,

and

Alian's, Inc., d/b/a Pizza Inn, Defendant.

Nos. 96,368, 96,394.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 5, 2002.

Rehearing Denied March 19, 2002.

Doug Friesen, The Law Offices of Doug Friesen, Oklahoma City, OK, for Plaintiff/Appellant.

Amy S. Fisher, Larry D. Ottaway, Foliart, Huff, Ottaway & Bottom, Oklahoma City, OK, for Defendant/Appellee Rahman Alian.

C. William Threlkeld, Fenton, Fenton, Reneau & Smith, Oklahoma City, OK, for Defendant/Appellee Pizza Inn, Inc.

Opinion by RONALD J. STUBBLEFIELD, Judge.

¶ 1 In these consolidated appeals, Plaintiff, Robert L. Pate, appeals from trial court orders granting summary judgment to two defendants—the franchisor corporation and the individual owner/manager of the restaurant—in a dram shop liability action seeking recovery for injuries caused by a patron who became intoxicated at a franchised Pizza Inn restaurant. At the time of this appeal, Plain-

tiff's claims in the district court were still pending against the defendant franchise restaurant. The trial court certified the orders granting summary judgment as appealable judgments pursuant to 12 O.S. Supp.2000 § 994(A). The consolidated appeals have been assigned to the accelerated docket pursuant to Okla. Sup.Ct. R. 1.36(a), 12 O.S. Supp.2000 ch. 15, app. 1. Based on our review, we find that judgment was correctly granted in favor of the franchisor, but not against the individual owner/manager. We affirm in part and reverse in part and remand for further proceedings.

## STATEMENT OF FACTS

¶ 2 On December 1, 1995, Rahman Alian, as an individual, entered into a "Franchise Agreement" with Pizza Inn, Inc., a Missouri corporation, to operate an Oklahoma City pizza restaurant under the name Pizza Inn.[1] The franchise agreement identified "Rahman Alian, an individual" as the sole "Franchisee." However, Alian apparently incorporated the restaurant as Alian's, Inc., doing business as Pizza Inn, and acted as the manager of the restaurant.

¶ 3 The record reveals that, on the night of August 1, 1997, Larry Martinez and his wife were patrons of the restaurant. Plaintiff alleged that Martinez had consumed four beers prior to arriving at the restaurant, and was served and consumed almost two pitchers of 3.2 beer while on the premises. When Martinez left the restaurant, he was intoxicated. While operating his vehicle in an intoxicated state, Martinez failed to yield the right of way in making a left turn off of May Avenue. He collided with Plaintiff, who was thrown from the motorcycle he was riding and sustained injuries. The accident occurred at approximately 1:00 a.m., on August 2, 1997. Martinez was arrested, charged and subsequently convicted of driving under the influence of alcohol.

¶ 4 Plaintiff filed this action on April 1, 1999, seeking to recover both compensatory and punitive damages against Alian's, Inc., Rahman Alian, an individual, and Pizza Inn, Inc. He did not name Martinez as a party defendant.

¶ 5 All of the named defendants sought summary judgment. Alian's, Inc., and Rahman Alian claimed that they were entitled to judgment in their favor as a matter of law because, at the time of the collision, Plaintiff, like Martinez, was operating a vehicle while intoxicated.[2] This was the only basis on which Alian's, Inc., sought summary judgment. They argued that, under *Brigance v. Velvet Dove Restaurant, Inc.,* 1986 OK 41, 725 P.2d 300, "a plaintiff who was intoxicated at the time of the subject accident does not have standing to assert a claim under the judicially created 'dram shop' laws of the State of Oklahoma." The trial court rejected this contention as a basis for summary judgment in favor of Alian's, Inc., and the matter remains pending in the district court against that defendant.

¶ 6 Rahman Alian asserted an additional basis for entry of judgment in his favor—that the Pizza Inn restaurant "was operated as a corporation at the time of the alleged incidents giving rise to this lawsuit." He maintained that, at the time of Plaintiff's accident, he was an employee of Alian's, Inc., but did not personally serve beer to Martinez—that was done by a female employee. He further claimed that his status as a principal and shareholder of Alian's, Inc., did not expose him to liability in his individual capacity. He attached to his brief the "Certificate of Incorporation" for Alian's, Inc., which was filed with the Office of the Secretary of State on January 15, 1997.

¶ 7 Pizza Inn, Inc.'s summary judgment quest was based on the fact that it was not a commercial vendor of alcohol subject to li-

---

1. There were terms in the agreement which stated that the agreement "shall for all purposes be governed by and interpreted and enforced in accordance with the laws of the State of Texas." However, the parties have not invoked any foreign law and, therefore, the law of Oklahoma is deemed to govern. *C.I.T. Corp. v. Edwards,* 1966 OK 180, 418 P.2d 685.

2. They attached evidentiary materials to their brief, which included a hospital toxicology lab report, indicating that at 2:39 a.m., Plaintiff's blood alcohol content was in the range of .10.

ability under *Brigance,* and did not "sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person" such that liability for violation of a statutory duty would be triggered under 37 O.S. Supp.1994 § 537.[3] Pizza Inn, Inc., also maintained that, although it required franchises to protect its propriety trademarks and food quality, it neither required Rahman Alian's franchise restaurant to sell beer nor asserted any control over it in the area of service of alcohol. And, if a franchisee did elect to sell beer, the terms of the franchise agreement delegated all duties to the franchisee to comply with state alcoholic beverage laws.

¶ 8 The trial court granted summary judgment to Rahman Alian, individually, based on a determination that "the undisputed material facts establish that [he] did not directly participate in the service of alcohol to Mr. Martinez or order others to do so ... [and he] is not liable to Plaintiff under the remaining allegations of Plaintiff in his individual capacity." The trial court also granted summary judgment to Pizza Inn, Inc., finding that it did not "have a duty to Plaintiff through the Franchise Agreement, at law or otherwise relating to the Plaintiff's claims."

¶ 9 Plaintiff filed motions to reconsider, which the trial court denied. Plaintiff now appeals the judgments entered in favor of Rahman Alian, individually, and Pizza Inn, Inc.

## STANDARD OF REVIEW

¶ 10 Summary judgment should be granted only where it is clear from the evidentiary materials that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *First Nat'l Bank and Trust Co. of Vinita v. Kissee,* 1993 OK 96, 859 P.2d 502. In reviewing the trial court's grant of summary judg-

ment, this court will examine the pleadings and evidentiary materials and determine if the moving party has addressed all material facts and supported those facts with admissible evidence. *Union Oil Co. of Calif. v. Bd. of Equalization of Beckham Co.,* 1996 OK 40, ¶ 12, 913 P.2d 1330, 1333–34. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to the party opposing the motion. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. We are limited to the issues actually presented below, as reflected by the record before the trial court, rather than the one that could have been assembled. *Norton v. Hughes,* 2000 OK 32, ¶ 7, 5 P.3d 588, 590; *Frey v. Independence Fire and Cas. Co.,* 1985 OK 25, ¶ 6, 698 P.2d 17, 20; Okla. Sup.Ct. R. 1.36(g), 12 O.S. Supp.2000, ch. 15, app. 1.

 ¶ 11 Plaintiff's motions to reconsider each were filed within ten days of the grant of summary judgment, and are properly treated as new trial motions. *Horizon's, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶¶ 4–5, 681 P.2d 757, 758–59. Therefore, our standard of review here is abuse of discretion. *Benson v. Tkach,* 2001 OK CIV APP 100, ¶ 9, 30 P.3d 402, 404, citing *Graves v. Lewis,* 1958 OK 176, 327 P.2d 672. To reverse a trial court on grounds of abuse of discretion, we must find that the trial judge made a clearly erroneous conclusion and judgment against reason and evidence. *Bank of Okla. v. Portis,* 1997 OK CIV APP 32, ¶¶ 7–8, 942 P.2d 249, 252, citing *Abel v. Tisdale,* 1980 OK 161, 619 P.2d 608.

## PROCEDURAL MATTER

¶ 12 As a preliminary matter, we note that Pizza Inn, Inc., has filed a motion to strike a pleading that it claims was improperly designated by Plaintiff for inclusion in the appellate record. Plaintiff had attempted below to

---

**3.** Pizza Inn, Inc., may have intended to cite to 37 O.S. Supp.1996 § 247, which provides that "[n]o holder of a retail license or permit to sell low-point beer, or an employee or agent of a holder of such a license or permit, shall knowingly, willfully and wantonly sell, deliver or furnish low-point beer to an intoxicated person." It is undisputed that Martinez consumed "3.2 beer," which is not an "alcoholic beverage," 37 O.S.

Supp.1996 § 506(3), and, therefore, does not fall under the provisions of section 537 cited by Pizza Inn, Inc. However, the statutory distinction between low-point beer and other alcoholic beverages is a distinction without effect in this opinion. In this opinion, our use of words such as alcohol and liquor will apply to both beer and other spirits as in *McGee v. Alexander,* 2001 OK 78, ¶ 6, n. 2, 37 P.3d 800.

file a twenty-four-page supplemental brief in support of his motion to reconsider the grant of summary judgment to Pizza Inn, Inc. The trial court denied Plaintiff leave to file the brief, citing to violations of the rules for Oklahoma District Courts and the Seventh Judicial District regarding page limitations and the requirement for delivery five days prior to hearing date.

¶ 13 Plaintiff has claimed that this supplemental brief should be considered on appeal because (1) the trial court would not have been harmed by reviewing it or issuing a continuance for the hearing on the motion to reconsider, and (2) the supplement is very relevant to the issue of the appeal—actual and apparent agency and the right of Pizza Inn, Inc., to control the operations and management of the restaurant. The Oklahoma Supreme Court deferred ruling on the motion to strike, but later entered an order directing Plaintiff to file a proper record in compliance with Rule 1.36, and admonishing him for other instances of failure to comply with rules.

¶ 14 The supplemental brief at issue is included with the voluminous trial court filings assembled for review. However, we will not consider it, as it is not within the scope of our review.

## SUMMARY JUDGMENT OF RAHMAN ALIAN

¶ 15 We first will address the propriety of the trial court's grant of summary judgment to Rahman Alian, individually. In support of his motion for summary judgment, Rahman Alian claimed that (1) the restaurant was operated as a corporation by Alian's, Inc.; (2) he was an employee of that corporation; (3) he had no personal contact with Martinez and did not serve him beer—the server was female; and, (4) his status as a principal and shareholder of Alian's, Inc., did not expose him to liability in his individual capacity.

¶ 16 The appellate record establishes that Pizza Inn, Inc., was not the holder of an alcoholic beverage license. However, it does not clearly establish which person or entity, Rahman Alian or Alian's, Inc., actually did hold the license to sell such beverages at the Pizza Inn restaurant. And, the interrelationships between the parties defendant remain somewhat murky.

¶ 17 The evidentiary materials indicate that, although he did not personally serve Martinez beer, Rahman Alian was present at the restaurant on the night Martinez was served, managing the restaurant and supervising the service of food and beverages. Plaintiff submitted evidentiary materials tending to show that Rahman Alian dictated the restaurant policy regarding service of intoxicating beverages—*that he even had directed employees to continue to serve beer to patrons who were intoxicated.* As previously noted, "[n]o holder of a retail license or permit to sell low-point beer, or an employee or agent of a holder of such a license or permit, shall knowingly, willfully and wantonly sell, deliver or furnish low-point beer to an intoxicated person." 37 O.S. Supp.1996 § 247. "A commercial vendor's self-imposed ignorance concerning the intoxication of its patrons should not operate in its favor to prevent a jury determination of that issue." *Copeland v. Tela Corp.*, 1999 OK 81, ¶ 10, 996 P.2d 931, 934.

¶ 18 The franchise agreement of December 1995 with Pizza Inn, Inc., identified "Rahman Alian, an individual" as the sole franchisee, but he claimed in his motion for summary judgment that the restaurant actually was operated by the corporation, Alian's, Inc. Rahman Alian made this statement in his brief: "Mr. Alian's status as a principal and shareholder of Alian's, Inc., does not expose him to a lawsuit for the negligence as alleged in the Petition."

¶ 19 The evidentiary material submitted in regard to the corporation Alian's, Inc., consisted only of a certificate of incorporation, dated after the effective date of the franchise agreement. The record does not specifically identify all the officers or shareholders of Alian's, Inc., but it does indicate that Rahman Alian may have been the sole, or possibly one of two shareholders of the corporation. Plaintiff submitted excerpts from Rahman Alian's deposition wherein he stated that he was the president of Alian's, Inc., and "responsible for the day-by-day ... op-

erational business [and] handling the affairs based on the agreements."

¶ 20 Under Oklahoma law, officers and shareholders of a corporation generally are shielded from individual liability, but there are exceptions to this general rule which are raised by Plaintiff and are not addressed by Rahman Alian's summary judgment materials. *See Thomas v. Vertigo, Inc.,* 1995 OK CIV APP 45, 900 P.2d 458; *In re Estate of Rahill,* 1991 OK CIV APP 83, ¶ 8, 827 P.2d 896, 897. Plaintiff has the right to recover against Rahman Alian, individually, if he can establish that Rahman Alian neglected to perform his official corporate duties. *See Preston–Thomas Constr., Inc. v. Central Leasing Corp.,* 1973 OK CIV APP 10, ¶ 8, 518 P.2d 1125, 1126–27. And, the corporate shield may be disregarded where it is used to justify wrong, defend crime or defeat an overriding public policy. *Thomas* at ¶ 6, 900 P.2d at 460; *Estate of Rahill* at ¶ 8, 827 P.2d at 897. "The goal in piercing the corporate veil is to impute liability for the acts of the corporation to the responsible persons." *Id.* The record reveals that controversy exists as to material facts in this regard.

¶ 21 Based on the foregoing analysis, we conclude that the grant of summary judgment in favor of Rahman Alian, an individual, was error.

## SUMMARY JUDGMENT OF PIZZA INN, INC.

¶ 22 Plaintiff first claims that the trial court erred in "ruling that Pizza Inn, Inc., did not owe a duty to their [*sic* ] franchisees." Actually, the ruling of the trial court was that Pizza Inn, Inc., did not owe a duty *to Plaintiff* under the franchise agreement or at law. Plaintiff also claims there are issues of fact remaining on the issue of "control between the Franchisor and Franchisee" and, therefore, there is a valid question whether the negligence of the employees of this particular franchised restaurant should be attributed to Pizza Inn, Inc., and/or whether Pizza Inn, Inc., was negligent in its duty to train and educate its franchisee's employees. For the following reasons, we disagree and find that the judgment of the trial court was correct.

¶ 23 Plaintiff asserted that summary judgment was not appropriate because issues of fact remained regarding whether Pizza Inn, Inc., maintained or could have maintained control over the franchise in the sale or service of alcohol. In support of this assertion, Plaintiff pointed specifically to a provision of the franchise agreement requiring Rahman Alian to pay Pizza Inn, Inc., a weekly royalty fee equivalent to four percent of the restaurant's gross sales, which included sale of alcoholic beverages if the franchisee elected to sell such beverages. And, although Plaintiff did not dispute that there were terms of the franchise agreement which specifically denied any intent to create a partnership, joint venture, agency or master/servant relationship, he pointed to other provisions of the agreement that he maintained: (1) allowed Pizza Inn, Inc., to terminate the franchise agreement at its sole discretion, based on violation by the franchisee of enumerated conditions/requirements; (2) directed that the franchisee carry insurance and list Pizza Inn, Inc., as an additional insured; (3) granted Pizza Inn, Inc., free access to the restaurant premises at all times; and (4) granted Pizza Inn, Inc., authority to shut down the franchise. According to Plaintiff, these provisions showed that Pizza Inn, Inc., exercised such complete control over its franchisees that it should be subject to *Brigance*-type liability for overserving Martinez. We disagree.

¶ 24 In *Brigance v. Velvet Dove Restaurant, Inc.,* 1986 OK 41, 725 P.2d 300, the Oklahoma Supreme Court found that a "commercial vendor" for on the premises consumption is under a duty, imposed both by statute and common law principles, to exercise reasonable care in selling or furnishing alcoholic beverages to persons who by previous intoxication may lack full capacity of self-control to operate a motor vehicle, and therefore could subsequently injure a third party. *Id.* at ¶ 17, 725 P.2d at 304. The court held that "one who sells intoxicating beverages for on the premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person." *Id.*

¶ 25 In responding to Pizza Inn, Inc.'s motion for summary judgment, Plaintiff ad-

mitted the following material facts: (1) Rahman Alian and Alian's, Inc., own and operate a Pizza Inn franchise at S.W. 59th and May in Oklahoma City, Oklahoma; (2) Pizza Inn, Inc., does not own or operate Alian's franchise; (3) Pizza Inn, Inc., does not have any employees that own or operate Alian's franchise; (4) None of the owners or employees of Alian's franchise are, or have been employees of Pizza Inn, Inc.; (5) Pizza Inn, Inc., does not serve or sell alcohol or beer at any company restaurants or at any franchise restaurants, and did not serve or sell alcohol or beer in August of 1997; (6) Pizza Inn, Inc., did not sell or serve any alcohol or beer to anyone on August 1, 1997, or anytime in 1997; (7) Pizza Inn, Inc., does not, and did not in 1997, hold a license or permit to sell alcohol in Oklahoma; (8) Pizza Inn., Inc., did not require any franchise to serve beer in 1997 and has never required a franchise to sell beer; (9) Under terms of the franchise agreement, Rahman Alian specifically agreed that he would comply strictly with state alcoholic beverage and other laws; and, (10) Larry Martinez was arrested and served time in jail for the felony charge of driving under the influence of alcohol at the time of the accident with Plaintiff.

¶ 26 It is clear from these admissions that Pizza Inn, Inc., was not the "commercial vendor" nor the "one who sells intoxicating beverages for on the premises consumption" discussed in *Brigance*. *Id.* at ¶ 17, 725 P.2d at 304. The determinative admissions were that, under the franchise agreement, the decision to sell intoxicating beverages was that of the franchisee, and that the franchisee agreed to abide by all state alcoholic beverages laws. All of the arguments of Plaintiff regarding the high degree of control retained by Pizza Inn, Inc., do not address the issue of control over the sales of intoxicating beverages. Nothing in this record indicates any duty of Pizza Inn, Inc., to Plaintiff in regard to the sale of alcoholic beverages, let alone any breach of duty.

¶ 27 Plaintiff asserted that issues of fact remained as to whether Pizza Inn, Inc., was negligent in its failure to train its franchisees in the area of proper service of beer. Included with his evidentiary materials was a copy of an "Alcohol Awareness" guide/manual that Pizza Inn, Inc., had in its possession but had phased out and had not used in providing training for operation of franchises since 1994. In his motion to reconsider the grant of summary judgment to Pizza Inn, Inc., Plaintiff reiterated his argument that the level of control asserted by Pizza Inn, Inc., over its franchisees and the profit potential from alcohol sales, carried "a duty to properly train and supervise the Franchisees in the area of alcohol awareness." We disagree.

¶ 28 In the present case, it may be true that Pizza Inn, Inc., had some economic gain from the sale of alcohol that it permitted at this franchised restaurant, but it did not require its franchisees to sell intoxicating beverages, did not maintain any control over service of such beverages, and it was conclusively established that Pizza Inn, Inc., did not hold an alcoholic beverage license. Plaintiff's admissions (numbered (2) through (9) above) clearly establish that the decision to sell intoxicating beverages was that of the franchisee, as was the duty to abide by all state alcohol beverage laws. Under those admitted facts, the trial court correctly concluded that Pizza Inn, Inc., had no duty to Plaintiff.

## CONCLUSION

¶ 29 Before entering summary judgment, a trial court must examine whether the evidentiary materials offered substantiate the granting of judgment for the moving party. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court). The evidentiary materials of record herein establish the entitlement of Pizza Inn, Inc., to judgment as a matter of law. However, controverted issues of fact remain in regard to the potential liability of Rahman Alian, individually. Accordingly, we affirm the judgment in favor of Pizza Inn, Inc., and reverse the judgment in favor of Rahman Alian. The cause is remanded for further proceedings.

¶ 30 AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, C.J., and TAYLOR, P.J., concur.