**In the Matter of the ESTATE OF Philip RAHILL, Deceased.**

**Pam ROGERS, Appellee,**

v.

**Charlene RAHILL, Appellant.**

**No. 75221.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 3, 1991.

Rehearing Denied Oct. 1, 1991.

Certiorari Denied March 31, 1992.

Randel Shadid, Edmond, for appellee.

Dennis Roberts, Oklahoma City, for appellant.

covery, the opinion does not require the disclosure of trial strategy.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

Philip Rahill, Deceased, was employed by a corporation known as Rahill, Inc. He managed a grocery store which was the singular business operated by the corporation. The incorporators of Rahill, Inc., included Charlene Rahill, the wife of Philip's brother, A.C. Rahill. Neither Philip nor A.C. served as incorporators, officers, or directors in Rahill, Inc. The testimony revealed that both brothers had reason to avoid receiving property or income in their own name. The sole shareholder in the corporation was Charlene Rahill. She also served as president and treasurer. Corporate formalities were observed until it was dissolved December 30, 1987.

During the period from 1976 when the first grocery store was opened until Philip's death in 1986, he was provided with a modest salary (the maximum allowable without losing social security benefits), a vehicle owned by the corporation, gasoline, credit card, repairs, a place to live at the store, and the ability to withdraw from inventory any groceries he needed. During this ten year period, the earnings of the corporation were placed in certificates of deposit. The earnings amounted to $90,-000.00 when the corporation was dissolved. The account was held in the name of Rahill, Inc. at all times.

The Administratrix of Philip's estate filed a petition against A.C. contending that the business actually belonged to Philip or was at most a partnership between the two brothers and that Philip's estate was entitled to at least a share in the corporate assets, these being the corporate vehicle and the certificate of deposit. Fraud was alleged. While the lawsuit was pending, A.C. died. His wife, Charlene, subsequently dissolved the corporation and asserted ownership of the entire certificate of deposit. A.C.'s estate and Charlene were made parties to this action.

The evidence at trial established that Philip knew of the existence of the corporation and was an authorized signatory on corporate checks. He traded in his personal vehicle and put the one he purchased in the corporate name. The certificates of deposit were in the corporate name and he participated in establishing them.

The Administratrix contended that the certificate of deposit was generated solely by the labor of Philip and that he had believed it was his property. Although no evidence was offered to establish that he entered into any kind of agreement to this effect, the Administratrix contends Philip believed the earnings belonged to him. She argues there is no reason to believe he intended to benefit his brother's widow rather than his own heirs who are his three children.

Charlene's evidence was that Philip was simply an employee of the corporation, and nothing more. She testified that he knew this and that he did not own the business. The trial court found that the business was in fact a joint venture, and that "the corporate form of Rahill, Inc. should be disregarded in order to avoid injustice." The court awarded Philip's estate one-half of the certificate of deposit which amounted to $45,000.00

Because we agree with Appellant's first assignment of error, that there was insufficient evidence to pierce the corporate veil, we reverse the trial court's judgment.

 "Oklahoma permits the court to disregard the corporate entity if used, (1) to defeat public convenience, (2) justify wrong, (3) to perpetrate fraud whether actual or implied, or (4) to defend crime." *Robertson v. Roy L. Morgan, Production Company*, 411 F.2d 1041, 1043 (10th Cir. 1969) (Citations omitted). If the legal entity is used to accomplish these purposes, the law may treat the corporation as an association of persons. *Id.* The goal in piercing the corporate veil is to impute liability for the acts of the corporation to the responsible persons.

In the present case, it is one who purports to be an insider in the corporation

who seeks to pierce the corporate veil. The Administratrix of Philip's estate stands in the same position Philip would have. There is no evidence that A.C. or Charlene defrauded Philip concerning the existence or purpose of the corporation. Philip left no will. There was no evidence of an agreement that he or his heirs would share in the assets of the corporation. He held no ownership interest in the corporation. Upon dissolution, the assets of the corporation belonged to the sole shareholder.

The trial court's finding that the brothers entered the business as joint venturers is not supported by and is contrary to the evidence. There is not sufficient evidence to disregard the corporate entity. If piercing the corporate veil is allowed in this case, the person to be held responsible for the corporation is Charlene as sole shareholder. There is no suggestion she so dominated the corporation as to be liable for its acts as an alter ego or that she perpetrated any fraud. *See Kilpatrick Bros., Inc. v. Poynter*, 205 Kan. 787, 473 P.2d 33 (Kan.1970). If fraud was perpetrated, it was with the knowledge of Philip whose heirs now seek relief. We hold, therefore, that the trial court erred in disregarding the corporate form. Its judgment is against the clear weight of the evidence. *Sautbine v. Keller*, 423 P.2d 447 (Okl. 1967). Judgment is REVERSED AND THIS MATTER REMANDED WITH INSTRUCTIONS to enter judgment for Appellant.

HANSEN, P.J., and JONES, J., concur.