Lanny Dale HESTON and Elaine Heston, Parents and next friends of Rodney Heston and Tina Elaine Heston, minors, and Doug Heston, Individually, Plaintiffs/Respondents,

v.

PEOPLE'S ELECTRIC COOPERATIVE, Defendant/Petitioner.

No. 77470.

Supreme Court of Oklahoma.

Jan. 21, 1992.

As Amended Feb. 21, 1992.

---

**7.** *Bodine,* 755 P.2d at 676 (citations omitted). **8.** 85 O.S.Supp.1990 § 3.6.

Neil P. McGuffee, Jay Lucas Schniederjan, Oklahoma City, for plaintiffs/respondents.

Michael C. Stewart, Michelle I. Raunikar, Stewart & Elder, Oklahoma City, for defendant/petitioner.

HARGRAVE, Justice.

We are presented by way of certified interlocutory order with the question whether *Williams v. Hook*, 804 P.2d 1131 (Okla.1990), should be applied retroactively in order to permit plaintiffs to bring an action for loss of parental consortium. We answer in the negative.

Lanny Dale Heston was injured in an accident that occurred September 9, 1987. Lanny Dale Heston and his wife, Elaine Heston, filed suit December 11, 1987. After jury trial in March, 1990, a verdict was rendered in favor of Lanny Dale Heston in the sum of $685,853.46 and in favor of Elaine Heston in the sum of $41,625.00. Subsequently the Hestons and the defendant entered into a release and settlement agreement.

On December 26, 1990, this Court rendered its opinion in *Williams v. Hook, supra.* Mandate issued February 15, 1991. In January 1991, the present action was filed on behalf of the minor children of Lanny Dale Heston and by one child who had attained majority by their parents and subsequently, by court order, Thomas S. Landrith as guardian ad litem for the minor plaintiffs was substituted as a party plaintiff. In this suit, plaintiffs allege loss of parental consortium as a result of defendant's negligence that caused the September 9, 1987 accident. The defendant moved to dismiss, alleging that *Williams v. Hook* created a new cause of action and could not be applied retroactively, or, in the alternative, that the children's claim was derivative of the parents' claims and that the parents' inability to bring suit due to expiration of the statute of limitations barred the children from so doing.

The trial court denied the motion to dismiss, ruling that the plaintiffs' cause of action *accrued* on December 26, 1990, the date that plaintiffs first had the right to bring suit under the decision in *Williams v. Hook*, and that the plaintiffs' action was not barred by the statute of limitations because it was filed while two of the plaintiffs were minors and within one year after Doug Heston attained majority. The trial court gave retroactive application to *Williams v. Hook, supra.* The trial judge then certified his order denying motion to dismiss for immediate review.

 We vacate the trial court's denial of defendant's motion to dismiss and decline to apply *Williams v. Hook* retroactively. Plaintiffs' argument in this case is based on the erroneous assumption that plaintiffs' cause of action "accrued" when the *Hook* case was adopted. On the contrary, the *Hook* case created a new cause of action that did not exist previously. In *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300, 306 (Okla.1986), we said:

"In adopting a new rule of liability which creates a civil cause of action, we specifically hold that the law hereby established will be applied prospectively to all causes of action occurring from and after the date the mandate issues herein."

The same rationale applies in the *Hook* case. Prior to our decision in *Hook*, there was no cause of action in Oklahoma for loss of parental consortium for the negligent injury of a parent. In *Hook*, as in *Brigance v. Velvet Dove, supra,* a new civil cause of action was created and should be applied prospectively to causes of action occurring from and after the date of mandate in *Hook*. In the case at bar, the case had been tried, the jury verdict entered and a release and settlement agreement had been executed before mandate in the *Hook* case.

Plaintiffs' second argument is bootstrapped onto the argument that plaintiffs' action "accrued" at the date of handing down the *Hook* case. Because the children were minors at the time of their father's accident, plaintiffs' argument goes, the statute of limitations would not bar any claim that might "accrue" in their favor any time before they reached majority or within one year thereafter. We reject plaintiffs' analysis. Any claim that the children have is based upon the September 1987 accident in which their father was injured. Plaintiffs' cause of action, if any, "accrued" on the date of the accidental injury to their father. Under the common law in effect at the time the plaintiffs' claims arose there was no cause of action for loss of parental consortium due to negligent injury of the parent, nor was there a cause of action for loss of parental consortium in Oklahoma for two years from the date of the injury, when the statute of limitations ran. The plaintiffs' cause of action did not "accrue" on the date of the *Hook* opinion.

Having decided that *Hook* should not apply retrospectively, we find that plaintiffs' claim is without foundation. In *McClelland v. VFW Post No. 1201,* 770 P.2d 569, 573 (Okla.1989) we said:

Because the common law's causation barrier stood unabrogated at the time each of the injurious events occurred and hence raises an insuperable impediment to recovery *on any theory of liability* that was pressed below, none of the claims can be deemed actionable.

In *McClelland,* the plaintiffs' causes of action arose before the date of mandate in *Brigance v. Velvet Dove,* and we held that the claims before us were governed by the common law then in force and that there was no recovery on any theory of liability presented. One of the three appeals consolidated with *McClelland* for disposition by a single opinion, *Arnold v. Musket Corporation,* like the case at bar, involved a minor plaintiff.

The plaintiffs' quote 12 O.S.1981 § 96 for the proposition that they as minors are entitled to bring the suit at bar. Section 96 provides:

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed ..."

As we have noted above, plaintiffs cause of action, if any, would have accrued at the time of their father's accidental injury, in September 1987. At that time, there was no actionable claim in Oklahoma for loss of parental consortium for negligent injury to a parent.

CERTIORARI PREVIOUSLY GRANTED; THE TRIAL COURT'S ORDER OVERRULING DEFENDANT'S MOTION TO DISMISS IS REVERSED.

All Justices concur.