**Thomas Lee TOMLINSON and Linda Tomlinson, individually, and as co-personal representatives of the Estate of Brad Cooper Tomlinson, deceased, Appellants,**

v.

**LOVE'S COUNTRY STORES, INC., an Oklahoma Corporation, Appellee.**

No. 77682.

Supreme Court of Oklahoma.

June 8, 1993.

Duke Halley, David B. Christian, Halley & Christian, Woodward, for appellants.

Tracy L. Pierce, Jeff R. Beeler, King, Roberts & Beeler, Oklahoma City, for appellee.

ALMA WILSON, Justice:

We are presented with the question of whether to expand the holding in *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300 (Okla.1986), to include liability against commercial vendors of beer for consumption off the premises when those vendors sell to minors. We answer affirmatively.

Procedurally, this matter comes before us on certiorari. The trial court below granted a motion of the appellee to dismiss the appellants' claim for failure to state a claim upon which relief could be granted. The Court of Appeals affirmed. We have previously granted certiorari to consider this new aspect of the line of cases beginning with *Brigance*.

The petition of the appellants alleges that on September 29, 1989, the appellee, Love's Country Stores, Inc., in Guymon, Oklahoma, and its agents sold and delivered beer to Brad Cooper Tomlinson, Jason Budd and Marcus Urias, all of whom were under the age of twenty-one years. The petition asserts that at the time of the sale the agents of the appellee knew that the minors intended to drink the beer while driving or riding in a motor vehicle. With Jason Budd driving, and Tomlinson and Urias as passengers, Budd became intoxicated, lost control of his vehicle and crashed it, injuring Tomlinson, who died as a result of those injuries. The petition alleges that the appellee was negligent in violating the statute prohibiting the sale of the beer to the minors.

The appellee moved to dismiss, arguing that *Brigance* and the cases that followed, dealing with the issue of the liability of vendors of alcoholic beverages to others injured due to the consumption of the alcohol, are restricted in their application to vendors of alcoholic beverages for consumption on the premises. Because the appellee sold beer for consumption off the premises, it asserts that *Brigance* had no application to the facts before the trial court. The appellee concluded that the appellants had failed to state a claim upon which relief could be granted. Without elaboration, the trial court granted the motion to dismiss.

Regarding the facts alleged, the critical question to be answered where a case has been dismissed for failure to state a claim, is whether the petition contains allegations sufficient to state a legally cognizable claim. *Hulsey v. Mid-America Preferred Ins. Co.*, 777 P.2d 932, 936 (Okla.1989). For the purpose of this appeal, all facts alleged in the petition are considered from the viewpoint of whether they support a legally cognizable claim. A claim must not be dismissed for failure to state a legally cognizable demand unless it can be determined as a matter of law that the pleader cannot prove any set of facts that would warrant relief in his favor. *Hulsey,* 777 P.2d at 936, n. 15. *See also, Niemeyer v. Fidelity and Guaranty Co.*, 789 P.2d 1318, 1321 (Okla.1990).

A review of the facts of *Brigance* reveals that a group of minors were served intoxicating beverages. An employee of the Velvet Dove knew that Jeff Johnson, one of those minors, had driven the group to the restaurant because the employee had assisted Johnson to his car when the group left the restaurant. The beverages served to the minors had caused Johnson to become intoxicated, or had increased his prior intoxication. Johnson's condition caused him to wreck the car he was driving and a passenger, Shawn Brigance, was injured. *Brigance* held that:

[P]ublic policy is better served by holding that the common law principles of negligence are applicable where a commercial vendor for on the premises consumption is shown to have sold or furnished intoxicating beverages to a person who was noticeably intoxicated from which a jury could determine that such conduct creates an unreasonable risk of harm to others who may be injured by the person's impaired ability to operate a motor vehicle.

*Brigance,* 725 P.2d at 305. Prior to the effective date of the *Brigance* opinion, a tavern owner could not be held liable for furnishing alcoholic beverages to one who, after becoming intoxicated, injured either himself or another. *McClelland v. Post No. 1201, VFW,* 770 P.2d 569, 571–572 (1989). This Court unanimously agreed that the tavern owner should be liable.

This Court based its holding on what we found to be a clear trend in establishing a civil cause of action by an injured third person against a commercial vendor of liquor for on premises consumption. *Brigance,* 725 P.2d 300, 303. The Supreme Court of Kansas, in *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731 (1985), revealed just how strong the trend was in the appendix to its opinion. It reported that fourteen states had dram shop statutes that gave a right of action to persons injured in person, property, or means of support, by an intoxicated person, or in consequence of the intoxication of any person, against the person selling or furnishing the liquor that caused the intoxication in whole or in part. That court further reported that twenty-nine jurisdictions, including the District of Columbia, had judicially abrogated the common law doctrine of no liability, and that six states with dram shop laws had judicially imposed liability in some form. Only six states had no dram shop laws and refused to impose liability judicially. *Ling,* 703 P.2d at 736.[1]

The appellee argues that *Brigance* was specifically limited to sales made for on-the-premises consumption. But when this Court determined to join the overwhelming majority of states choosing to reject the antiquated common law rule, a sampling of jurisdictions were cited in the footnotes. In footnote 2 of *Brigance,* the Supreme Judicial Court of Massachusetts case of *Michnik–Zilberman v. Gordon's Liquor,* 390 Mass. 6, 453 N.E.2d 430 (1983) was cited. That court affirmed a lower appellate court decision that upheld a jury verdict in behalf of the plaintiff in that action. The facts reveal that a seventeen-year-old boy bought a six-pack of twelve ounce containers of beer from a liquor store. Although he had a young appearance, and had not yet started to shave, he was not asked for any identification. Later in the evening he drank three or four beers, some while he was in his automobile. He struck and killed an adult bicyclist. The Massachusetts court reasoned that "The Legislature has placed on every vendor who holds a license to furnish alcoholic beverages and a concomitant right to profit from its sale the responsibility to refrain from supplying those beverages to minors or to intoxicated persons. The court found that the vendors had to exercise the care of a reasonably prudent person, and found that its statutes fixed a standard for vendors, and that if the vendor violated that standard, it was responsible for all the proximately caused injuries. The court noted that one of the more foreseeable risks was that the minor would drive and cause harm to third persons while intoxicated. *Michnik–Zilberman,* 453 N.E.2d at 434.

Another jurisdiction cited in footnote 2 of *Brigance* is Oregon, and the case of *Campbell v. Carpenter,* 279 Or. 237, 566 P.2d 893 (1977). In that case tavern owners were held liable for injury to a third party after the tavern continued to serve a patron who was intoxicated, drove his automobile and killed two people. But *Campbell* was cited as authority by the Supreme Court of Oregon in *Davis v. Billy' Con-Teena,* 284 Or. 351, 587 P.2d 75, 77 (1978). Two minors purchased a keg of beer from the defendant. They gave some of the

---

**1.** Yet in spite of the overwhelming trend toward establishing liability, the Kansas court decided to leave the matter to its legislature and continue the previous common-law rule of no liability.

beer to another minor who was driving the car. He became intoxicated from the beer, struck another automobile and killed its occupant. The court held that one of the purposes of its statute that forbids sale or service of liquor to minors was to protect the health and safety of other people of the state including persons who may be killed or injured by inebriated minors. *Davis*, 587 P.2d at 77. In violating the statute, the defendants' conduct was presumably negligent as a matter of law. The court reversed the trial court, which had dismissed the complaint of the plaintiff upon the defendants' demurrers.

In footnote 3 of *Brigance*, the North Carolina case of *Hutchens v. Hankins*, 63 N.C.App. 1, 303 S.E.2d 584 (1983), is cited to support the statement that "Several states with dram shop laws have also recognized a new common law right of action against a vendor of liquor." The issue as stated by the court in *Hutchens* was whether a common law dram shop liability existed in North Carolina for injuries or death sustained by innocent third parties in an automobile collision with the customer of a tavern who was sold alcoholic beverages while he was intoxicated. Like the Oregon court, the North Carolina Court of Appeals cited its earlier case and expanded on the rationale to include sale of alcoholic beverages for off-premises consumption. *Freeman v. Finney*, 65 N.C.App. 526, 309 S.E.2d 531 (1983).[2] The court stated the issue as whether defendants are civilly liable for automobile accidents caused by the negligence of intoxicated minors who purchased malt beverages from the defendants. The court held that the claims of the plaintiffs were improperly dismissed. The court reasoned that the purpose of its statute that imposed a duty upon vendors not to sell beer to minors was to protect both the minor and the community at large

from the possible adverse consequences of the minor's intoxication.[3]

The Supreme Court of Mississippi held that violation of its statute prohibiting the sale of beer to any person under the age of eighteen was negligence per se. *Munford, Inc. v. Peterson*, 368 So.2d 213, 217 (Miss. 1979). The jury had returned a verdict in favor of the plaintiffs where five boys, ranging in age from thirteen to fifteen years had on three separate occasions on the same evening purchased beer from the defendant. Each time a different boy purchased the beer. One of the boys, who was intoxicated and driving a family car, wrecked it and fatally injured one of his passengers. The Court held that:

> When a statute is violated, the injured party is entitled to an instruction that the party violating the statute is guilty of negligence, and, if that negligence proximately caused or contributed to the injury, then the injured party is entitled to recover.

*Munford, Inc.*, 368 So.2d at 217.

In the case of *Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508 (1987), the Supreme Court of Pennsylvania consolidated two cases with common issues. The court stated the basic issue as whether a commercial licensee of alcoholic beverages can be liable to a person injured as a result of service of alcohol to a minor. In one of those cases a case of beer was sold to a seventeen-year-old boy without any attempt by the vendor to determine his age. Three minors and three other youths drove around and drank the beer. The minor driver of the car was not the purchaser of the beer. He drank five or six sixteen ounce beers. He subsequently lost control of the car and the resulting accident killed the minor boy who purchased the beer. In the other case, the defendant, Friel's Bev-

---

**2.** In both *Hutchens* and *Freeman* the Supreme Court of North Carolina refused to grant discretionary review: *Hutchens v. Hankins*, 309 N.C. 191, 305 S.E.2d 734 (1983), and *Freeman v. Finney*, 310 N.C. 744, 315 S.E.2d 702 (1984).

**3.** In *Hart v. Ivey*, 332 N.C. 299, 420 S.E.2d 174 (1992), the Supreme Court of North Carolina rejected negligence *per se* as a basis for liability for social hosts who served beer to an intoxicat-

ed minor, but held that the plaintiffs had stated a claim under common law principles of negligence. The court reasoned that their Dram Shop Act had no application to the facts of the case. The court concluded that the criminal statutes prohibiting giving beer to minors and intoxicated persons was not intended to be a public safety statute.

erages, Inc., sold a case of beer to a nineteen-year-old boy, who gave two six-packs to an eighteen-year-old boy who consumed all of it. The younger boy was driving a vehicle that collided with another one, and injured the driver of that vehicle. The Pennsylvania court held that "the duty of adults engaged in serving alcoholic beverages extends beyond the minor to whom the liquor was served; it also encompasses those who may be affected by the illegal service." *Matthews*, 527 A.2d at 512. The court further held that:

> Although the chain of events leading up to the damage inflicted is certainly relevant on the issue of causation, that is a separate issue from whether appellees' actions constituted negligence; for it is the service of a minor in violation of the statutorily dictated duty which forms the basis of a finding of negligence.

*Matthews*, 527 A.2d at 512. The court concluded that as a matter of common law a commercial licensee of alcoholic beverages can be held liable to a third party for damages proximately caused by the service of alcohol to a minor. *Matthews*, 527 A.2d at 512.

The Supreme Court of Tennessee found that the public policy of the state was to prevent minors from purchasing, possessing, or imbibing alcoholic beverages and had accordingly forbidden a vendor to sell to a minor or for a minor to possess alcoholic beverages. It further observed that the prohibitions were intended not only for the protection of the minors from the folly of their own actions, but also for the protection of members of the general public. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 549–550 (Tenn.1981). The facts of that case reveal that a seventeen-year-old boy purchased beer and two bot-

tles of champagne from Ford's Package Store. He and an eighteen-year-old boy picked up their prom dates. After the prom they went to the Round Table Restaurant where each boy drank one beer, their first alcoholic drink of the evening. After leaving the restaurant, they began to drink the beverages purchased from Ford's. The eighteen-year-old driver became intoxicated and had an accident, which seriously injured the seventeen-year-old.

The Tennessee court held that a person who has the capacity and judgment to act responsibly in his own behalf cannot recover damages where he actively contributes to the intoxication of another and that intoxication is the proximate cause of the injury that is the subject of the action. But the court went on to say that where a minor is involved, the rule is not applicable *per se* to defeat the minor's right to have a jury decide if his actions were those of a reasonably prudent person of like age, capacity, knowledge, and experience. The court observed:

> The capacity and judgment of a minor plaintiff to act responsibly is put in issue merely by the fact that he was not of legal age when he purchased and used alcoholic beverages. While this implicit lack of capacity and judgment to act responsibly may be shown not to exist, in fact, it is sufficient to meet the challenge of a motion for summary judgment predicated upon the conduct of the minor plaintiff after he purchased the alcoholic beverages.

*Brookins*, 624 S.W.2d at 550.[4]

In both *Brigance* and the case at bar, alcohol was sold illegally to minors. In both cases, the minor driver became intoxi-

---

**4.** Two other cases that provided for liability and involving similar facts to that of the case at bar are: *Chausse v. Southland Corp.*, 400 So.2d 1199 (La.Ct.App.1981) (Sixteen-year-old boy purchased beer at least twice in one night from the defendant, became intoxicated and collided with another vehicle, killing a thirteen-year-old female passenger, and injuring two occupants of the other car); *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61 (1990) (A beer distributorship sold a keg of beer to a seventeen-year-old boy,

who died as a result of an automobile accident while a passenger in the vehicle after the eighteen-year-old driver and he had become intoxicated from the consumption of the beer purchased). The cases cited in this footnote and in the opinion serve as a sample of those jurisdictions choosing to extend liability of vendors for the illegal sale of alcoholic beverages to minors for consumption off the premises. We have not attempted to nor deem it necessary to the determination of this case to exhaustively list the jurisdictions dealing with this matter.

cated from the alcohol illegally sold by the vendor. And in both cases, a minor passenger was injured in a one vehicle accident caused by the intoxicated condition of the minor driver. The distinguishing characteristics are that in *Brigance* the driver was intoxicated at the time he entered his car, and in the cause before us, no such fact is alleged; and the Velvet Dove sold alcohol for consumption on the premises, while Love's Country Store sold alcohol for consumption off the premises. The issue is whether the distinguishing characteristics are sufficient to insulate the vendor from the liability for its illegal action. Other jurisdictions, that this Court has cited above as supporting the holding of *Brigance*, have chosen to extend the common law liability for the illegal sale by vendors of alcoholic beverages to minors for consumption off the premises of the vendor. We find their reasoning to be persuasive.

*Brigance*, under its facts, found a duty imposed both by statute and common law principles. That duty was to exercise reasonable care in selling or furnishing liquor to persons who by previous intoxication may lack full capacity of self-control to operate a motor vehicle and who may subsequently injure a third party. The commercial vendor who sells for consumption on the premises was held to be under a common law duty to exercise ordinary care under the circumstances. *Brigance*, 725 P.2d at 304. The statute involved in that case was 37 O.S.Supp.1985, § 537. In pertinent part the statute provides:

(A) No person shall:

(1) Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;

(2) Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person or to any person who has been adjudged insane or mentally deficient....

5. Title 37 O.S.1991, § 241(A) provides: "It shall be unlawful for any person to sell, barter, or give to any person under twenty-one (21) years of age any nonicatating beverage, as defined in Section 163.2 of this title."

6. In the Oklahoma Uniform Jury Instructions, Civil, proximate cause has been called "direct

The elements of negligence are (1) the existence of a duty on the part of a defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting from the violation. *Brigance*, 725 P.2d at 302, citing *Sloan v. Owen*, 579 P.2d 812, 814 (Okla.1977).

As *Brigance* has already declared that the duty is imposed by both statute and common law principles, we can likewise establish a duty in the case at bar. The appellant cites 37 O.S.1991, § 241(A)[5] as the applicable statute to the facts before us. The appellee does not dispute this assertion, and in fact cites the statute. That statute prohibits the sale of nonintoxicating beverages, as defined by § 163.2, to any person under twenty-one years of age. According to § 163.2, a nonintoxicating beverage is one containing "more than one-half of one percent (½ of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer or cereal malt beverages obtained by the alcoholic fermentation of an infusion of barley or other grain, malt or similar products." Based upon the reasoning in *Brigance*, the duty not to sell beer to persons under the age of twenty-one is established. If beer is then sold to a person under the age of twenty-one, the vendor has breached his duty, whether he sells beer for consumption on the premises or off the premises. However, this *prima facie* showing of the breach of duty may be rebutted by demonstrating that the purchaser appeared to be of age and that the vendor used reasonable means of identification to ascertain his age. *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61, 68 (1990).

The final question is whether the injury proximately resulted from the breach of the duty. The definition of proximate cause is well established.[6] Proximate

cause," and defined as follows: "Direct cause means a cause which, in the natural and continuous sequence, produces injury and without which the injury would not have happened. For negligence to be a direct cause it is necessary that some injury to (the property of) a person in the Plaintiff's, (name), situation must

cause must be the efficient cause that sets in motion the chain of circumstances leading to an injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury.[7] "Foreseeability is an essential element of proximate cause in Oklahoma, and it is the standard by which proximate cause, as distinguished from the existence of a mere condition, is to be tested." *Atherton v. Devine*, 602 P.2d 634, 636 (Okla.1979). The distinction between a cause and a condition is the element of foreseeability. *Long v. Ponca City Hospital*, 593 P.2d 1081, 1086 (Okla.1979). A condition also begins with the breach of a duty of care. With a condition, however, the subsequent injury was neither foreseeable nor reasonably anticipated as the probable result of the breach. *Long*, 593 P.2d at 1086.

The question of causation is one of fact for the jury unless there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries. *Brigance*, 725 P.2d at 305. As stated by the Supreme Court of Appeals of West Virginia, in *Anderson*, 394 S.E.2d at 73:

> The question, then, becomes whether one who sells beer or alcoholic beverages to a minor can ever reasonably foresee that the underage purchaser will share such beverages with other minors, who will, in turn, become intoxicated and cause injury to themselves or others. Other jurisdictions have concluded that in certain circumstances, such a result is reasonably foreseeable at the time of the unlawful sale. *E.g., Morris v. Farley Enters., Inc.*, 661 P.2d 167 (Alaska 1983); *Floyd v. Bartley*, 727 P.2d 1109 (Colo. 1986); *Kvanli v. Village of Watson*, 272 Minn. 481, 139 N.W.2d 275 (1965);

*Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. 202, 523 A.2d 269 (1987); *Davis v. Billy's Con–Teena, Inc.*, 284 Or. 351, 587 P.2d 75 (1978); *Matthews v. Knieczny*, 515 Pa. 106, 527 A.2d 508 (1987); *Reber v. Commonwealth*, 101 Pa.Commw. 397, 516 A.2d 440 (1986); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981). Factors to be considered in determining whether the vendor might reasonably foresee that someone other than the underage purchaser would consume the beverages include: (1) the quantity and character of the beverages purchased; (2) the time of day of the sale; (3) the vendor's observation of other persons on the premises or in a vehicle with the underage purchaser; and (5) any other relevant circumstances of the sale or of the vendor's knowledge. [Footnote omitted.] *Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. at 206–08, 523 A.2d at 271–72.

If an unforeseeable event intervenes between the breach of duty, and that event directly causes the injury completely independent of the original breach, then the intervening cause becomes the supervening cause and breaks the causal nexus between the initial breach and the subsequent injury. The test to determine whether a cause is supervening is whether it is "(1) independent of the original act, (2) adequate of itself to bring about the result and (3) one whose occurrence was not reasonably foreseeable." *Brigance*, 725 P.2d at 305, citing *Thompson v. Presbyterian Hospital*, 652 P.2d 260, 264 (Okla.1982).

▪ We find that the petition supports a legally cognizable claim. The appellee had a duty established by statute and the common law not to sell beer to minors. The petition alleges that he breached that duty knowing that the minors intended to drink beer while driving or riding in a motor

---

have been a reasonably foreseeable result of negligence." OUJI–Civ. No. 9.6. On December 14, 1981, this Court ordered that all trial courts use the uniform jury instructions provided, effective January 1, 1983, if the subject of the instructions were appropriate and if the recommended instruction accurately stated the law. The Committee comment stated that the word

"proximate" was of virtually no assistance to a jury.

**7.** *Thur v. Dunkley*, 474 P.2d 403, 405 (Okla.1970); *Green v. Sellers*, 413 P.2d 522, 528 (Okla.1966); *Transport Indemnity Co. v. Page*, 406 P.2d 980, 986 (Okla.1963).

vehicle. A jury may find that injury from such a breach of the duty is foreseeable and the direct cause of the death of Thomas Lee Tomlinson. In analyzing *Brigance*, the majority opinion in *Ohio Casualty Insurance Co. v. Todd*, 813 P.2d 508 (Okla.1991), commented that the purpose behind Section 537(A)(2) was to protect innocent third parties.[8] *Brigance* reveals that Shawn Brigance was in the group of minors who had been drinking, yet *Todd* includes him as an "innocent third party." A jury may conclude that even if Brad Tomlinson had also been drinking, as a passenger in the motor vehicle, he was an innocent third party, subject to negligence defenses.[9]

We conclude that the same reasoning that led this Court to allow a negligence action for injury to third parties in *Brigance*, supports a negligence action in the case at bar. In both cases statutes were violated that were intended to include protection of third parties. In both cases alcohol was sold to minors, and in both cases a minor passenger of a motor vehicle was injured as a result. Accordingly, we VACATE the opinion of the Court of Appeals, and REVERSE the judgment of the trial court, which dismissed the claim. The cause is reinstated to the same position as before dismissal and REMANDED.

LAVENDER, V.C.J., and OPALA, KAUGER and WATT, JJ., concur.

HODGES, C.J., and SIMMS, HARGRAVE and SUMMERS, JJ., concur in result.

---

**8.** In this Court's recent opinion of *Sanders v. Crosstown Market, Inc.*, 850 P.2d 1061 (Okla.1993), the majority affirmed the dismissal of an action involving a minor girl who had become drunk and drove after a minor friend gave her beer that he had purchased from Crosstown Discount Foods. This Court held that the injury to the girl was too remote from the sale of the beer to the minor boy for a cause of action in common law negligence. The Court noted that the seventeen-year-old girl's own intentional misconduct of becoming drunk and driving also precluded recovery. For these reasons, *Sanders* is distinguishable from the case at bar.

**9.** One such defense would be negligence of the injured party. In such a case, 23 O.S.1991, § 13, comparative negligence, would apply. But if the conduct of the vendor is found to be willful or wanton or intentional or actuated by scienter, then fault must not be apportioned between the parties. *Graham v. Keuchel*, 847 P.2d 342, 361–363 (Okla.1993).