Monica D. WALDEN, an individual, Appellant,

v.

SPARKMAN BROTHERS CORPORATION, an Oklahoma Corporation, d/b/a Kwick–Stop Stores, Appellee,

and

Joseph G. Strickland, an individual; Raymond Taylor, an individual; and, Commercial Union Insurance Company, a Massachusetts Corporation, Defendants.

No. 81,180.

Court of Appeals of Oklahoma, Division No. 1.

May 24, 1994.

Certiorari Dismissed July 25, 1994.

Derek K. Burch, Mark M. Hart, Lynn B. Mares, Oklahoma City, for appellant.

Tracy L. Pierce, Jeff R. Beeler, Mary Elizabeth Elder, Oklahoma City, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

In this personal injury action, Appellant seeks review of the trial court's granting of

Appellee's Motion to Dismiss for failure to state a claim. In assessing the sufficiency of the petition, the general rule has been often stated that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Niemeyer v. U.S. Fidelity and Guaranty Co.,* 789 P.2d 1318, 1321 (Okl.1990); *Frazier v. Bryan Memorial Hospital Authority,* 775 P.2d 281 (Okl.1989); *Valley Vista Dev. Corp. v. City of Broken Arrow,* 766 P.2d 344, 348 (Okl.1988). If the alleged facts establish a prima facie case, "the order dismissing the suit will be reversed." *Bettis v. Brown,* 819 P.2d 1381, 1382 (Okl.App.1991).

The pertinent facts alleged in the petition disclose that Appellant (a seventeen year old minor at the time) was a passenger in a vehicle being driven by another minor when the driver lost control and ran into a bridge injuring the Appellant passenger. It is further alleged that prior to the accident Appellant and her minor friends, including the driver, purchased beer from Appellee, Kwick–Stop, and that when the accident occurred the driver was driving under the influence of alcohol. Appellee is alleged to have been negligent in selling beer to the minors and negligent per-se in that selling beer to minors is a violation of 37 O.S. § 241(A). This negligence is alleged to have caused the accident and the resulting injuries to Appellant.

■ Appellant contends her petition adequately states claims for relief and that such claims are authorized under the cases of *Brigance v. Velvet Dove Restaurant, Inc.,* 725 P.2d 300 (Okl.1986), and *Tomlinson v. Love's Country Stores, Inc.,* 854 P.2d 910 (Okl.1993). There is no question that Appellant's claims would *not* have been permitted prior to the enactment of *Brigance.* The question is whether *Brigance* or some later case provides the necessary prima facie legal footing.

*Brigance* rejected tavern owner nonliability in holding that principles of negligence are applicable where a commercial vendor for on-premises consumption is shown to have sold intoxicating beverages to a noticeably intoxi-cated person from which it could be determined that an unreasonable risk of harm to others was created by the person's impaired ability to operate a motor vehicle. *Brigance* was the first Oklahoma case to allow departure from the common law rule that one who furnishes alcoholic beverages to another, who then, after becoming intoxicated, injuries either himself or another, may *not* be held liable. *See also, McClelland v. Post No. 1201 V.F.W.,* 770 P.2d 569 (Okl.1989). This common law rule also applied when the inebriated consumer was a minor above the age of 14, the age of presumed capacity or discretion for negligence. *McClelland,* at 572.

The holding in *Brigance,* however, was limited to its factual scenario and "went no further." *Sanders v. Crosstown Market, Inc.,* 850 P.2d 1061, 1063 (Okl.1993). The court in *Sanders* also stated that the common law was only modified by *Brigance*—not abrogated. Id. at 1062–1063. *Brigance* further explicitly held that because it was "adopting a new rule of liability which creates a civil cause of action", it must be applied prospectively. *Brigance* at 306. Because its holding was limited to the on-premises sale of alcoholic beverages to persons noticeably intoxicated, *Brigance* does not provide the legal basis or authorization for Appellant's claims herein. Nor did *Brigance* abrogate more than its own corner of the common law.

■ The other case offered by Appellant as providing the legal basis for her claims is *Tomlinson,* supra. There, three minors purchased beer from a Love's Country Store. With one of the minors driving and the other two as passengers, the driver became intoxicated and crashed the vehicle causing the death of Tomlinson, one of the minor passengers. The trial court granted a motion to dismiss but the Supreme Court reversed finding that the petition did state an actionable claim for relief.

The factual scenario in *Tomlinson* is sufficiently similar to the subject case that there is little doubt that it would be actionable if were to arise now. However, *Tomlinson* was decided in March, 1993, while the incident giving rise to this litigation occurred in De-

cember, 1990, with the petition being filed in March, 1991. Because the common law rule of no liability was not abrogated for *Tomlinson* type claims prior to *Tomlinson,* the question thus becomes whether *Tomlinson* should be given retroactive effect. We believe it should not.

The court in *Brigance* created a new civil cause of action and held that it would be applied prospectively from the date of mandate. *Brigance* at 306. *Tomlinson,* expanded on *Brigance* and also created a new right to recover, further modifying the common law of no liability. The same rational for applying *Brigance* prospectively applies with *Tomlinson.* See, *Heston v. Peoples Elec. Co-op,* 824 P.2d 1137 (Okl.1992). *Tomlinson* should be applied prospectively from its date of mandate. That date, of course, is subsequent to the date Appellant's claims arose. Accordingly, *Tomlinson* cannot provide the legal basis for Appellant's claims herein.

The trial court did not err in ordering the claims against Appellee dismissed.

AFFIRMED.

HANSEN, J., dissents.

ADAMS, J., concurs.