1998 OK CIV APP 25

1998 OK CIV APP 25

**Carson GARRISON, Plaintiff/Appellee,**

v.

**Charles WOOD, Defendant/Appellant.**

**No. 88432.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Nov. 25, 1997.

Certiorari Denied March 6, 1998.

J. Rick Faling, Oklahoma City, for Appellant.

Michael D. Segler, Mark W. Osby, Yukon, for Appellee.

## OPINION

HANSEN, Presiding Judge:

¶ 1 Plaintiff, Carson Garrison was born in 1976. His parents were not married, and Plaintiff's care was provided by his mother. In 1979 the State of Oklahoma initiated paternity proceedings against Defendant, Charles Wood. In 1983, there was a judicial determination that Defendant is Plaintiff's biological father. Because the mother requested no child support and the trial court found Plaintiff had been properly provided for at the time, the trial court did not order Defendant to pay child support. It further found child support would be provided on an application of any interested party. *State of Oklahoma v. Charles F. Wood,* Case No. CRM–79–157–C. No interested party ever requested the court to enter a child support order requiring Defendant to pay for Plaintiff's support.

¶ 2 Plaintiff reached the age of majority on August 11, 1994. Within one year of reaching the age of majority, Plaintiff filed this action to recover child support from Defendant, together with interest, costs, and attorney fees.

¶ 3 Both parties filed motions for summary judgment. The trial court requested the parties to brief the issue of whether a minor's claim for child support survives his reaching the age of majority and whether he then may bring a separate and distinct action for child support. The trial court denied Defendant's motion for summary judgment

and granted Plaintiff's motion for summary judgment.

¶4 In its October 15, 1996 order, the trial court found Plaintiff "has brought an independent action as an adult within one year after reaching the age of majority under Title 10 Okl. Stat. § 783." Among other things, the trial court ruled the 1983 order was error and the agreement between Defendant and the mother to contract away the child support obligation was void as against public policy. It further held the instant action is not an action seeking to modify the 1983 "paternity support order," and that 10 O.S.1991 § 783 provides a cause of action for a minor child "once he has reached the age of majority and has the capacity to bring suit as a matter of law." Thus, the trial court found child support was due from March 8, 1983 "to the date of plaintiff's graduation of high school, through December, 1994."[1] It also ordered that it will base the support obligation calculation on gross incomes. Defendant appeals.

¶5 Defendant argues the trial court erred by not granting summary judgment in his favor because Oklahoma law does not allow an adult child to bring a separate action for back child support.

¶6 Title 10 O.S.1994 § 83(B)(3) provides that "If paternity has been legally determined pursuant to Section 70 of this title, or judicially or administratively determined, an action to enforce this obligation of support may be brought within the time periods specified by paragraph 7 of Section 95 of Title 12 of the Oklahoma Statutes."

¶7 Title 12 O.S.1994 § 95(7) provides, "An action to establish paternity and to enforce support obligations can be brought any time before the child reaches the age of eighteen (18)." Additionally, § 95(8) provides, "An action to establish paternity can be brought by a child if commenced within

one (1) year after the child reaches the age of eighteen (18)."

¶8 Plaintiff argues, however, that 12 O.S.1991 § 96, rather than § 95 applies herein. Section 96 provides, in pertinent part, "If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, . . . ."[2]

¶9 Section 95(7) and § 95(8) are statutes specifically addressing the limitations period for a child bringing a paternity action or enforcing a support obligation. Section 96, on the other hand, does not specifically address paternity actions or enforcement of support obligations. It is more general, addressing, among other things, limitations of actions for people operating under a legal disability.[3] Laws addressing a specific situation are applied to the exclusion of more general laws. *See Lindsey v. Kingfisher Bank & Trust Co.,* 1992 OK 66, 832 P.2d 1.

¶10 The Legislature had the opportunity to include ". . . and to enforce support obligations . . ." in the language of § 95(8). Certainly, it included it in the language of § 95(7), making it possible for a minor to bring an action to establish paternity and also to enforce support obligations. It is apparent the Legislature intended that within one year after the minor turns eighteen, he may bring an action only to establish paternity, but not to enforce support obligations. Had the Legislature intended a person to enforce a support obligation within one year after he turns eighteen, it would have included such language in § 95(8). Instead, it chose not to do so.

---

**1.** The trial court also found "there is no statute of limitations that applies to Title 10 Okla. Stat. § 83 . . . ."

**2.** A minor falls within the category of those operating under a legal disability. *See Heston v. People's Elec. Co-op,* 1992 OK 4, 824 P.2d 1137

**3.** See *Chuchuru v. Chutchurru,* 185 F.2d 62, 64 (10th Cir.1950). The 10th Cir. therein stated "It is the well established rule that exceptions to the operation of a statute of limitations which toll its running in favor of persons under disability are to be strictly construed, and never extended beyond their plain input."

¶ 11 Moreover the maxim, "expressio unius est exlusio alterius," that the expression of one thing is the exclusion of another, applies if the contrast between the specific subject matter expressed, and that not mentioned, in a natural association of ideas, leads to the inference the latter was not intended for inclusion in the statute. *Greenberg v. Wolfberg,* 1994 OK 147, 890 P.2d 895. This maxim applies herein.

¶ 12 The trial court erred in ruling that "Plaintiff is entitled to judgment against defendant for a child support order. . . ."

¶ 13 The parties' requests for appeal-related attorney fees is denied. Title 43 O.S. 1997 § 110 is not applicable to this matter.

JUDGMENT REVERSED and REMANDED with directions to enter judgment for Defendant.

JOPLIN and BUETTNER, JJ., concur.

