**Elizabeth NUNLEY, Plaintiff,**

v.

**PIONEER PLEASANT VALE SCHOOL DISTRICT # 56, and Bill Noak, individually and as principal, Defendants,**

and

**John Kerr, Intervenor Defendant.**

**No. CIV–01–909–R.**

United States District Court,
W.D. Oklahoma.

Jan. 28, 2002.

Russell N. Singleton, Matthew N. Davis, Mitchell & DeClerck, Enid, OK, for plaintiff.

John E. Priddy, Jerry A. Richardson, Matthew P. Cyran, Rosenstein Fist & Ringold, Tulsa, OK, for defendants.

## *ORDER*

DAVID L. RUSSELL, District Judge.

Defendant John Kerr has filed a motion for summary judgment on the ground that Plaintiff's claims under 42 U.S.C. § 1983 and Title IX of the Educational Amendments of 1972, as amended by the Civil Rights Restoration Act of 1987, 20 U.S.C. § 1681 *et seq.*, are barred by the applicable statutes of limitations, Okla. Stat. tit. 12, §§ 95(3) & 96.

It is undisputed that the incidents giving rise to Plaintiff's claims against this Defendant occurred sometime in 1997 or 1998. Plaintiff filed this action on June 13, 2001. It is undisputed that Plaintiff was born on November 11, 1981 and was eighteen years of age on November 11, 1999.

The statute of limitations applicable to Section 1983 claims is the two-year statute of limitations set forth in Okla. Stat. tit. 12, § 95(3). *See, e.g., Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988). There is no applicable federal statute of limitations for actions brought pursuant to Title IX, but federal courts routinely borrow the state statute of limitations applicable to personal injury actions for Title IX claims. *See, e.g., Doe v. Howe Military School,* 227 F.3d 981, 988 (7th Cir.2000); *M.H.D. v. Westminster Schools,* 172 F.3d 797, 802 (11th Cir.1999); *Lillard v. Shelby County Board of Education,* 76 F.3d 716, 729 (6th Cir.1996); *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 618 (8th Cir.1995), or the same state statute of limitations applicable to § 1983 actions. *See, e.g., Egerdahl v. Hibbing Community*

*College,* 72 F.3d at 618; *Bougher v. University of Pittsburgh,* 882 F.2d 74, 77 (3rd Cir.1989).

The Tenth Circuit has not specifically addressed what state statute of limitations applies to a Title IX claim. However, the Tenth Circuit characterized claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination based upon race, color, or national origin in any program or activity receiving federal financial assistance, as "actions for injury to personal rights" and held that the two-year Kansas statute of limitations applicable to "[a]n action for injury to the rights of another, not arising on contract," Kan. Stat. Ann. § 60–513(a)(4), applied to all of the appellant's federal claims, including those under 42 U.S.C. §§ 1981 and 1983 and under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. *Id.,* 991 F.2d at 630–31. *See Baker v. Board of Regents of the State of Kansas,* 991 F.2d 628, 630–32 (10th Cir.1993). In so holding, the Tenth Circuit observed that characterizing Title VI claims as actions for injury to personal rights was consistent with its decision in *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984) *(en banc ), aff'd,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) to adopt a general characterization for all civil rights claims which promotes a consistent and uniform framework by which suitable statutes of limitations can be determined for civil rights claims, *Baker,* 991 F.2d at 631, *citing Garcia,* 731 F.2d at 643, and minimizes or avoids the risk that the choice of a state statute of limitations or uncertainty as to the applicable statute of limitations would not fairly serve or might obstruct the federal interests or rights that the federal statutes are designed to protect and vindicate. *See Baker,* 991 F.2d at 631, citing *Wilson v. Garcia,* 471 U.S. 261, 275 & 279, 105 S.Ct. 1938, 1939 & 1948, 85 L.Ed.2d 254, 266 & 269 (1985).

■ Consistent with the Tenth Circuit's decisions in *Baker* and *Garcia,* a Title IX claim must also be characterized as an action for injury to personal rights. Indeed, the language of Title IX, which prohibits discrimination on the basis of sex under any education program or activity receiving federal financial assistance, *see* 20 U.S.C. § 1681(a), is very similar to that of Title VI considered by the circuit court in *Baker.* Therefore, the same two-year state statute of limitations, Okla. Stat. tit. 12, § 95(3) (for "an action for injury to the rights of another, not arising on contract"), which applies to Title VI and § 1983 claims in Oklahoma, is applicable to Plaintiff's claim under Title IX. Accordingly, assuming that the incidents which form the basis of her lawsuit occurred, at the latest, on December 31, 1998, Plaintiff's § 1983 and Title IX claims are barred by the statute of limitations unless any Oklahoma tolling statute is applicable.

■ Plaintiff argues that Okla. Stat. tit. 12, § 95(6) tolled Plaintiff's claim until she reached the age of eighteen years or that that statute of limitations is applicable. Okla. Stat. tit. 12, § 95(6) *incorporates* a tolling provision but is a separate statute of limitations applicable to "[a]n action based on intentional conduct brought by any person suffered as a result of childhood sexual abuse incidents or exploitation." Okla. Stat. tit. 12, § 95(6). Because Title IX is a "civil rights statute," characterization of the nature of the claim thereunder is a matter of federal law, and characterization of a Title IX claim as an action for injury to personal rights is consistent with the Tenth Circuit's adoption a general characterization of all civil rights claims based upon its perception of the nature of those claims, *Baker,* 991 F.2d at 631, citing *Garcia,* 731 F.2d at 649, Oklahoma's two-year statute of limitations applicable to "[a]n action for injuries to the rights of

another, not arising on contract," is applicable to Plaintiff's Title IX and § 1983 claims, not Oklahoma's two-year statute of limitations for "[a]n action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse"[1] and its incorporated tolling provision, Okla. Stat. tit. 12, § 95(6).[2] The general Oklahoma tolling statute for persons under disability, Okla. Stat. tit. 12, § 96, is applicable because Plaintiff was a minor in 1997 and 1998. *See Garrison v. Wood*, 957 P.2d 129 (1997), *cert. denied* (Okla.1998). That statute allows a person under a disability to bring an action one year after the disability is removed. Plaintiff reached the age of eighteen years on November 11, 1999, and pursuant to Okla. Stat. tit. 12, § 96, had until November 11, 2000 in which to bring this action. Plaintiff did not file suit until June of 2001. Accordingly, Plaintiff's claims are time-barred.

In accordance with the foregoing, Defendant John Kerr's motion for summary judgment on Plaintiff's Complaint is GRANTED.

---

1. The United States Supreme Court in *Wilson v. Garcia* specifically rejected the notion that the statute of limitation applicable to any given § 1983 claim should depend on the particular facts or precise legal theory, such as whether the federal law claim was most analogous to a state law claim for false arrest, assault, battery or personal injuries. 471 U.S. at 273–74, 105 S.Ct. at 1945, 85 L.Ed.2d at 264–66. Thus, the fact that Plaintiff's § 1983 due process claim may be most analogous to a state law claim for childhood sexual abuse does not dictate that Okla. Stat. tit. 12, § 95(6) applies to Plaintiff's § 1983 action. Similarly, merely because Plaintiff's Title IX

claim for sex discrimination in an education program which receives federal financial assistance is predicated on sexual abuse does not dictate that Okla. Stat. tit. 12, § 95(6) is the statute of limitations applicable to Plaintiff's Title IX claim.

2. The tolling provision in Okla. Stat. tit. 12, § 95(6) is only applicable when the time limit for commencement of an action is provided by Section 95(6) ("the time limit for commencement of an action *pursuant to this paragraph* is tolled for a child until the child reaches the age of eighteen ....").