**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDY DAVENPORT;
JACKIE DAVENPORT,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 03-7022
(D.C. No. 01-CV-705-P)
(E.D. Okla.)

CITY OF MCALESTER;
SAFETY NATIONAL CASUALTY
CORPORATION,

Intervenors.

**ORDER AND JUDGMENT** [*]

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Randy Davenport and his wife Jackie Davenport filed this action against the government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80 (FTCA). Plaintiffs alleged that the negligence of Special Agent Waddell, an employee of the Drug Enforcement Agency (DEA), and Special Agent Paul Watson, an employee of the Federal Bureau of Investigation (FBI), caused Mr. Davenport's severe personal injury. The district court granted summary judgment in favor of the government. On appeal, "[w]e review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Davidson v. Am. Online, Inc*., 337 F.3d 1179, 1182 (10th Cir. 2003). Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* Applying this standard, we affirm.

Mr. Davenport and his fellow officer Nathan Bond were among the members of the Special Response Team (SRT) of the McAlester, Oklahoma, police department who participated in a two-phase tactical training exercise. Special Agents Watson and Waddell first met with the team members at the McAlester High School gymnasium, where they were to engage in tactical scenarios. Through inspection and questioning, Special Agent Waddell

determined that none of the participants had actual weapons or ammunition and then provided simulation equipment consisting of paintball guns and protective vests. Special Agent Watson demonstrated some recently-learned tactical moves.

The commander of the SRT team decided that the next session would move from the gymnasium to an abandoned house. Three participants were designated "bad guys;" the remaining participants were to enter and sweep the premises. The "bad guys," including Officer Bond, left for the house in one vehicle, in part because Special Agent Waddell wanted them in a controlled environment in which they would continue to have only simulated guns. The commander accompanied the "bad guys."

Before getting in the car, however, Officer Bond retrieved his duty weapon, a 40-caliber Glock, and placed it in his thigh holster. The simulated weapon was in his protective vest. Upon arriving at the abandoned house, Officer Bond decided to hide in a closet. Because the protective vest prevented him from fitting into the closet, he took it off. The other group of officers then reached the house, surprising the "bad guys." According to Officer Bond, Special Agent Watson pointed at Mr. Davenport as he passed by. Officer Bond believed that this gesture meant he should shoot Mr. Davenport. He drew his duty weapon and shot Mr. Davenport in the back. Mr. Davenport is now permanently paralyzed from the waist down.

Mr. Davenport and his wife brought this FTCA suit, alleging that Special Agents Waddell and Watson were negligent in failing to inspect for weapons at the abandoned house, seemingly ordering Officer Bond to shoot Mr. Davenport, and failing to mark the simulated weapons in a more obvious way. [1] The district court granted the government's motion for summary judgment, based on its determination that plaintiffs had failed to submit evidence creating genuine issues of material fact as to two of the three essential elements of negligence liability–breach of duty and causation.

"[T]he source of the government's substantive liability under the FTCA is state law." *Boehme v. United States Postal Serv* ., 343 F.3d 1260, 1264 (10th Cir. 2003). In Oklahoma, "[t]o establish negligence liability for an injury, plaintiffs must prove that (1) defendants owed them *a duty to protect* them from injury, (2) defendants *breached that duty* , and (3) defendants' *breach was a proximate cause* of plaintiffs' injuries." *Iglehart v. Bd. of County Comm'rs of Rogers County,* 60 P.3d 497, 502 (Okla. 2002). The question of whether a duty is owed by a defendant is one of law; the questions of breach and proximate cause are questions of fact. *Id.* at 502, 504. "[W]hen there is no evidence from which a jury could reasonably find a causal nexus between the act and the injury,"

_____

[1]  We note, as did the district court, that Officer Bond and the other members of the SRT team testified that they could tell the difference between the simulated equipment and Officer Bond's weapon blindfolded.

however, proximate cause "becomes a question of law for the court only." *Id.* at 504.

"Among a number of factors used to determine the existence of a duty of care, **the most important consideration is foreseeability**," *id.* at 502, which "determines (1) to whom a duty is owed and (2) the extent of the duty," *Weldon v. Dunn*, 962 P.2d 1273, 1276 (Okla. 1998). "Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises." *Id.* (quotation omitted).

The circumstances of this case are tragic. However, the government special agents could not have foreseen that Officer Bond, a trained police officer, would ignore an earlier warning about live weapons, retrieve his duty weapon, keep it in his holster, set aside the simulated weapon, aim at Mr. Davenport with his duty weapon, and shoot him with live ammunition. As a matter of law, the special agents had no duty to conduct a weapons check at the abandoned house, add markings to the simulated weapons, or refrain from pointing at Mr. Davenport.

The concept of foreseeability not only defines a legal duty; it is also relevant to the element of proximate cause. *Moran v. City of Del City,* 77 P.3d 588, 592 n.4 (Okla. 2003). The required proximate cause is "the efficient cause

-5-

which sets in motion the chain of circumstances leading to the injury." *Iglehart,* 60 P.3d at 504 (quotation and footnote omitted). However, in Oklahoma, an intervening, unforeseeable event that "'directly causes the injury completely independent of [an] original breach . . . becomes the supervening cause and breaks the causal nexus between the initial breach and the subsequent injury.'" *Woolard v. JLG Indus., Inc*., 210 F.3d 1158, 1181 (10th Cir. 2000) (quoting *Tomlinson v. Love's Country Stores, Inc.*, 854 P.2d 910, 916 (Okla. 1993)). A supervening cause exists if it "is (1) independent of the original act or omission, (2) adequate by itself to bring about the resulting harm to the plaintiff, and (3) not reasonably foreseeable by the defendant." *Id.*

Here, even if the government special agents owed a duty to Mr. Davenport, they are insulated from liability. Officer Bond's independent actions, which were neither anticipated nor reasonably foreseeable, broke the chain of causation between Mr. Davenport's injury and the alleged breach of a duty owed by the special agents.

For the foregoing reasons, we conclude that plaintiffs failed to make the necessary showings of duty and causation under Oklahoma law, and thus we

AFFIRM the district court's grant of summary judgement.

Entered for the Court


Michael W. McConnell
Circuit Judge