**R.L. GRANTHAM, Sandra Grantham, David Grantham and Steven Grantham, Appellants,**

v.

**The TULSA CLUB, INC., Appellee.**

No. 86,247.

Court of Appeals of Oklahoma, Division No. 3.

April 9, 1996.

Certiorari Denied June 5, 1996.

G. Steven Stidham, Brian S. Gaskill, Sneed, Lang, Adams & Barnett, Tulsa, for Appellants.

James E. Green, Jr., Timothy T. Trump, Richard J. Harris, Lipe, Green, Paschal, Trump & Bragg, P.C. and Frederic Dorwart, J. Michael Medina, Richard J. Cipolla, Jr., Frederick Dorwart, Lawyers, Tulsa, for Appellee.

## OPINION

BUETTNER, Judge:

Appellants filed their petition against The Tulsa Club, Inc. (Tulsa Club), November 18, 1993, to recover damages for personal injuries sustained as a result of an automobile accident that occurred December 22, 1992. The facts are not in substantial dispute. The legal effect of the facts is tendered for our review.

Patrick Pagano was a guest at a Christmas party hosted by Cowen Construction Company (Construction Company) at its Tulsa offices. Some time after leaving the Christmas party, Pagano was involved in an automobile accident which left Appellants seriously injured and Pagano dead.

Appellee Tulsa Club catered the party. The alcohol for the party was supplied by Construction Company. Tulsa Club provided food, glasses, napkins and other such supplies, and labor, consisting of one bartender and a catering manager. It is undisputed that Pagano consumed alcohol at the Christmas party, though to what degree is uncertain. Tulsa Club presented evidence that a friend obtained one drink for Pagano, and Pagano obtained one drink himself. No testimony was presented by anyone who saw Pagano actually drink alcoholic beverages nor was any testimony presented of the bartender concerning his observation of Pagano.

Appellants presented evidence of a blood alcohol test conducted after Pagano's death that reflected .20% and erratic driving leading up to the accident.

Tulsa Club moved for summary judgment arguing that because no witnesses observed Pagano to be visibly intoxicated at the party, Tulsa Club could not be held responsible for the subsequent injuries sustained by Appellants. Appellants responded to the summary judgment motion citing evidence of Pagano's blood alcohol level and an accident report reflecting his driving behavior immediately prior to the accident.

The trial court granted summary judgment July 27, 1995 in favor of Tulsa Club because no evidence was presented that Pagano was visibly intoxicated at the Christmas party.

The Oklahoma Supreme Court has held that a commercial vendor for on-premises consumption of alcohol is under a duty to exercise reasonable care in selling or furnishing liquor to persons who by previous intoxication may lack full capacity or self-control to operate a motor vehicle and who may subsequently injure a third party. *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300 (Okla.1986). The *Brigance* Court "recognized for the first time a common law 'dram shop' action." *Ohio Casualty Insurance Company v. Todd*, 813 P.2d 508, 509 (Okla. 1991). The new action was limited to one who sells alcoholic beverages for on-premises consumption to a noticeably intoxicated person. *Brigance*, 725 P.2d at 304.

The essential element of "noticeable intoxication" was reconfirmed in *Ohio Casualty Insurance Company v. Todd, supra*. Justice Opala, in his concurring opinion in *Todd*, describes the tavern keeper who "serves alcoholic beverages to an obviously intoxicated patron", 813 P.2d at 517, and the "tavern keeper's tortious sale—a sale tainted by the supplier's guilty knowledge (scienter) of the consumer's intoxicated state", 813 P.2d at 521. Justices Lavender and Kauger, concurring in part and dissenting in part in *Todd*, likewise confirmed that liability is premised upon a tavern owner or his employee(s) for serving alcohol to a noticeably intoxicated person." 813 P.2d at 521. While unsuccess-

fully arguing to extend liability in *Todd*, Justice Lavender made it clear that the test is not whether the patron is "legally intoxicated" but whether the patron is *"noticeably intoxicated."* 813 P.2d at 524 (emphasis in original).

The trial court granted summary judgment because no witnesses testified to Pagano's visible intoxication while at the party. Appellants submitted no evidence of Pagano's demeanor, actions or physical state as observed, or observable, by the bartender. Tulsa Club can be held liable, if at all, only as a result of the bartender serving alcohol to a noticeably intoxicated Pagano. "The *Brigance* standards for imposition of liability focus on the tavern-keeper/vendor's objective observations and perceptions of a patron's state of intoxication ..." *Frank v. Merciez,* 806 P.2d 1147, 1150 (Okla.App.1991).

The only evidence before the trial court was that Pagano obtained one drink from the bar. This was the only opportunity for the bartender to observe Pagano. In order to survive a motion for summary judgment, Appellants would have to present some evidence that at that encounter, Pagano was noticeably intoxicated and the bartender should not have provided any alcohol.

In response to the motion for summary judgment, Appellants relied upon Pagano's driving that resulted in the fatal accident and his blood alcohol level at the time of the accident. These two factors, standing alone, are insufficient to create a dispute as to whether Pagano was noticeably intoxicated earlier in the evening at the time he obtained a drink from the bartender.

We find summary judgment was properly granted in favor of Tulsa Club because there was no evidence that Pagano was noticeably intoxicated when Tulsa Club served alcohol to him. For this reason, we affirm the trial court's grant of summary judgment in favor of Tulsa Club.

AFFIRMED.

HANSEN, P.J., and ADAMS, V.C.J., concur.