2003 OK CIV APP 98

**Roy COPELAND, Plaintiff/Appellee,**

v.

**TELA CORPORATION, d/b/a Red Dog Café, Defendant/Appellant,**

and

**Donald E. MacKey, Defendant.**

No. 97,172.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 1, 2003.

Certiorari Denied Nov. 10, 2003.

Michael P. Rogalin, Oklahoma City, OK, for Defendant/Appellant.

Doug Friesen, Oklahoma City, OK, for Plaintiff/Appellee.

Opinion by BAY MITCHELL, Presiding Judge.

¶1 Tela Corporation, d/b/a Red Dog Café or "Red Dog" seeks review of an order entering judgment on a jury verdict in favor of Roy Copeland, Plaintiff/Appellee or "Copeland." Copeland brought an action under a dram shop liability theory as recognized in *Brigance v. Velvet Dove Restaurant,* 1986 OK 41, 725 P.2d 300, 304. The jury awarded Copeland damages for injuries received when he was struck by a car driven by a customer of Red Dog. The customer had been drinking beer at the Red Dog prior to the accident and was intoxicated.[1] After trial, a jury found Red Dog 43% negligent, the intoxicated customer/driver 50% negligent and contributory negligent on the part of Copeland at 7%. The compensatory damages were set at $300,000 by the jury, with $129,000 of that amount against Red Dog. The jury also awarded punitive damages in favor of Copeland and against Red Dog in the amount of $65,000.

¶2 Red Dog complains on appeal that certain evidence was admitted which should have been excluded. It points to evidence in the form of a videotape which showed four men, hired by Copeland, entering the Red Dog and drinking beer until they became inebriated and then being served more alcohol. At the end of the videotape were scenes of a woman, that worked in the Red Dog as a stripper, performing a lewd

---

1. The exact facts of the accident are found in the prior case of *Copeland v. Tela Corporation d/b/a Red Dog Saloon and Café and Donald Mackey,* 1999 OK 81, 996 P.2d 931.

dance in front of the four hired men. In certain portions of the videotape, the female dancer was seen making lascivious physical contact with one of the hired men. Red Dog objected to the introduction of the evidence on the grounds that it did not represent the usual business practices of the Red Dog, that is, serving alcohol to patrons after they were inebriated, but contained only isolated incidents taken out of context. Red Dog also objected that the scenes were filmed more than one year after Copeland's accident, the scenes on the videotape were not similar to the circumstances that occurred on the night of the accident but were isolated incidents, and that the videotape did not comport with the requirements of 12 O.S.1991 § 2404(B)[2]. Red Dog alleges that the portion of the evidence showing the lewd dance was more prejudicial than it was probative, because the jury believed Red Dog was morally inferior and awarded excessive damages, therefore it should have been excluded pursuant to 12 O.S.1991 § 2403[3]. Put another way, Red Dog contends the videotape did not prove dram shop liability and, *if* it did, the indecency of the dancers "bad acts" inflamed the jury to inflate the damages award.

¶ 3 The Oklahoma Evidence Code, 12 O.S. 1991 § 2101 et seq., allows all relevant evidence to be admitted unless excluded by rules of evidence. Title 12 O.S.1991 § 2401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." More particularly, 12 O.S.1991 § 2406, provides "evidence of . . . an organization's routine practice . . . is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the habit or routine practice." Therefore, the portion of the videotape that showed alcohol being served to Copeland's hired men after they were intoxicated had

some relevance to show it was common business practice of Red Dog to serve alcohol to intoxicated patrons. No abuse of discretion is shown here.

¶ 4 Copeland also contends the portion of the videotape showing Red Dog's semi-nude dancer rubbing provocatively against Copeland's hired man was relevant to prove that Red Dog violated its own policies, here, the rule prohibiting contact between the dancers and patrons. This may be marginally relevant to show a general disregard by Red Dog of its internal rules. But even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise." Title 12 O.S.1991 § 2403. The trial court must seek a balance of probative value and potential prejudice on the facts of each case. Our concern is that this evidence had little or nothing to do with whether Red Dog was negligent in serving alcohol to intoxicated patrons. The likely prejudice is obvious. The evidence may be slightly relevant, but the risk of prejudice far outweighs any probative value. It should have been excluded.

¶ 5 The judgment appealed must be reversed and this case is remanded for a new trial.

¶ 6 REVERSED AND REMANDED.

JONES, J., concurs.

HANSEN, J., concurs in part, dissents in part:

While I agree the video tape should have been excluded as its probative value is far outweighed by the inherent prejudicial effect, I do not agree the balance of the tape was correctly admitted. I would exclude the entire videotape. The majority cites no deci-

---

**2.** 12 O.S.1991 § 2404(B). Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

**3.** 12 O.S.1991 § 2403. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise.

sion upholding the relevance of "routine practice" a year after the involved action occurred. The year later practice is too far removed to have any relevance to the issues here.